Wheeler, D. J.
This bill is brought upon re-issued letterB patent, division A, No. 4,143, to Helen M. Ingalls, assignee of Marcus P. Norton, dated October 4, 1870, for an improvement in post-office postmarking and postage cancelling stamps, and alleges that she assigned this, with other pat *358 ents, to the plaintiff’s intestate, and others to the Secombe Manufacturing Company, of which he was president; that the Secombe Manufacturing Company and he, president, joined in a re-assignment to her, which, by the contract, was not to, and by what the plaintiff claims to be its true construction does not, include this one; but that, if by any construction this one is included, the assignment was drawn to include it by the fraud of her agent; that she had assigned it to the defendant Campbell, who. had obtained a decree against the defendant James for an account of profits and damages for infringement; and prays that if the instrument of re-assignment is held to include this patent, it may be reformed so as not to include it, and that the profits and damages, be decreed to the plaintiff.
The defendant Campbell has pleaded to so much of the bill as alleges fraud in making the instrument of re-assignment ; that he is a Iona fide purchaser of these letters patent, from Helen M. Ingalls, for. a “good and valuable consideration, to-wit, a certain sum of money then advanced and paid by him to her,” without notice of the fraud. This plea was set down for argument by the plaintiff, and the argument has been heard. There is no fair question but that the fact that the defendant was such a purchaser for a valuable consideration, without notice, would be a sufficient reason for his not answering that part of the bill, and be a good plea to it. Story’s Eq. PI. § 805. The titles to patents are required by law to be recorded, and a purchaser has the right to rely upon the apparent record title, so long as he acts in good faith, the same as the purchaser of real estate has where the title is required to be so shown. In either case the purchaser must have parted with a consideration large enough to make it inequitable for him to be required to give up the property to one who has not the apparent legal title. Boone v. Chiles, 10 Pet. 177.
In this plea there is no allegation of the consideration paid other than the one recited. The words “good and valuable” may refer to what would be good and valuable between the parties, which might be very slight, and a certain sum of *359 money might he a very small sum, and wholly inadequate to make his equity superior to Secombe’s, if the fraud did in fact exist. The rules of pleading as to this are the same as at law, and the consideration ought to be set forth in amount in traversable form, so that the plaintiff can traverse it if he chooses, or the court see that it is adequately valuable if not traversed.
Although this plea is apparently good in other respects, it is wanting in inis and must be overruled.
Plea overruled.