## PATRICK *v.* ISENHART and others.

*(Circuit Court, D. Kansas. May 19, 1884.)*

1. **EQUITABLE ACTION TO REMOVE CLOUD ON TITLE—POSSESSION—LEGAL AND EQUITABLE TITLE.**
    In order to maintain an action in equity to remove a cloud on the title to land a plaintiff must have possession, and the legal and equitable title.
2. **GENERAL AND SPECIAL PRAYERS FOR RELIEF—DEMURRER—EQUITABLE ACTION.**
    Where a plaintiff brings a suit in equity, under a misapprehension as to the special relief that he is entitled to, but the bill contains a general as well as special prayer for relief, and sets forth facts showing a right to relief, there is no ground for a demurrer, and the court will grant the proper relief.
3. **LACHES—ACTION TO REMOVE CLOUD ON TITLE.**
    Where a plaintiff obtains title to land, and he and his grantors have exercised unmolested ownership over it, and paid taxes on it for many years, not being advised of any adverse right or title, he cannot be charged with laches in failing to bring an action to remove a cloud upon the title, made many years before, against which there had been an attempted adjudication.
4. **DEMURRER—PARTIES.**
    Where certain persons are not necessary parties, a demurrer to a bill in equity for defect of parties will not be sustained.

Demurrer to Bill.

*Guthrie & Bergen,* for complainant.

*G. C. Clemens,* for defendants.

FOSTER, J. If the facts alleged in this bill could be held to fix the legal title of the land in the plaintiff, then the bill could not be maintained, for he would have a complete and adequate remedy at law by an action of ejectment; but it seems to me the facts alleged show the equitable title only to be in the plaintiff and the legal title and possession in the defendants. It charges notice to all the de-

fendants, at the time of their purchase, of the facts and proceedings upon which the plaintiff's rights are predicated, and charges a conspiracy and confederation on the part of the defendants to cheat and defraud him. It also charges that the defendants paid no consideration for the legal title, and are not *bona fide* purchasers, etc. It further avers that the defendants have entered upon and are in possession of the premises and have built a fence thereon, and make a claim of title and ownership thereto, etc. It is evident from the bill that it makes a case relievable in equity, but not a case for removing a cloud from the title. It seems that in order to obtain that relief the complainant must have the legal and equitable title, as also the possession. "Those only who have a clear legal and equitable title to land, connected with possession, have any right to claim the interference of a court of equity to give them peace or dissipate a cloud on the title." *Orton* v. *Smith*, 18 How. 265.

The prayer in this bill is for discovery and relief, and, the relief prayed is as follows:

"And that your orator may be decreed to be the owner in fee-simple of said lands and tenements; that said defendants have no right or title therein; that your orator's title thereto be quieted, etc. And that the defendants  *  *  * be forever barred from setting up any claim of right, title, or interest in said premises, and that your orator may have, generally, such other and further relief as the nature of his case may require."

Equity rule 21 provides:

"The prayer of the bill shall ask the special relief to which the plaintiff supposes himself entitled, and also shall contain a prayer for general relief."

The special relief prayed in this bill is to quiet title or remove a cloud, but there is also a prayer for general relief. Upon the state of facts set forth by the bill, I am of the opinion the plaintiff cannot have the special relief he prays, but rather would be entitled to a decree declaring him to be entitled to the legal estate, and that the defendants hold the same in trust for his use and benefit, and for a conveyance of the same to him, etc. But a misapprehension by the plaintiff as to the special relief he is entitled to is no ground for a demurrer where there is a general prayer for relief, for in such a case, if the bill sets forth facts showing a right to relief, the court may grant the proper relief under the general prayer. *Tayloe* v. *Ins. Co.* 9 How. 406; *Stevens* v. *Gladding*, 17 How. 454.

The objection that plaintiff has been guilty of laches, were it not for special reasons set out in the bill, would be a serious one, especially if he is charged with the laches of those under whom he holds. This plaintiff obtained his title in 1876, and he and his grantors have exercised unmolested ownership over this land and paid taxes on it for many years, and were not advised that any adverse right or title was claimed by any one under the conveyance of Snow to Faut, made in 1858, and against which there had been an attempt at least to make an adjudication in the proceedings set out in the bill. And not until

the year 1882 was the plaintiff advised that any adverse right or title was claimed by any one under that conveyance. Under these circumstances I do not think the plaintiff can be charged with laches to defeat his suit.

In reference to the claimed defect of parties defendants, it is sufficient to say that Henry and Snow are not necessary parties, and it is not a ground of demurrer on the part of these defendants.

The demurrer must be overruled.