MERCANTILE TRUST CO. v. CHICAGO, P. & ST. L. RY. CO. et al.

SAME v. TRUSTEES OF ILLINOIS COLLEGE.

(Circuit Court of Appeals, Seventh Circuit.    April 14, 1903.)

No. 938.

1. VENDOR'S LIEN—REMOVAL OF MACHINERY FROM BUILDING—LIABILITY OF RECEIVER.

The president of four different railroad companies, whose roads were operated together as one line under an arrangement in the nature of a partnership and a common management, purchased in his own name, but for the use of such line, certain shops containing machinery, which were used as machine shops by the consolidated lines.   He took a deed, which was not recorded, but which reserved a vendor's lien for an unpaid portion of the purchase money.   Subsequently the machinery from the shops was removed to another location, which was owned by one of the constituent companies, where it was used in the same way, and later passed into the hands of a receiver for such company.   *Held*, that such company was not a purchaser for value, but was chargeable with notice of the vendor's lien, and the receiver should be required to pay to the holder of the purchase-money notes the value of the machinery so taken to the extent of such notes.

2. SAME.

In such case there was no sale or transfer of the machinery, such as required the lienholder to first exhaust the real estate, it being at all times in equity the property of the associated lines, nor was the receiver entitled to replace it, after it had been used for a number of years since its removal.

Appeal from the Circuit Court of the United States for the Southern District of Illinois.

The Chicago, Peoria & St. Louis Railway Company executed three several mortgages upon its railway, one to the Mercantile Trust Company, one to the Central Trust Company, and one to the Metropolitan Trust Company, dated, respectively, March 1, 1888, July 15, 1889, and June 1, 1891, which were immediately thereafter duly recorded, to secure certain bonds issued by that company.   Three separate suits were brought in the court below to foreclose these mortgages.   The causes were consolidated, and an order was entered appointing Charles H. Bosworth, one of the appellants, and E. Ellery Anderson, who subsequently resigned, receivers of the road, who took possession and operated the road under the order of the court.   For some years prior to the receivership, the Chicago, Peoria & St. Louis Railway Company, the Jacksonville Southeastern Railway Company (later the Jacksonville, Louis-

ville & St. Louis Railroad Company), the Litchfield, Carrolton & Western Railroad Company, and the Chicago, Greenville & Southern Railway Company were operated under a common management known as the "Jacksonville Southeastern Line." This arrangement was in the nature of a partnership, common books of account being kept, known as "Line Books," the earnings of all the roads being deposited in a common account, and the expenses of all the roads were paid from this common fund. William S. Hook was the president and general manager of each of these railway companies and the common administrator of the fund. The Chicago, Peoria & St. Louis Railway Company of Illinois, one of the appellants, succeeded to the property and rights acquired by the purchasers of the Chicago, Peoria & St. Louis Railway Company, sold in September, 1895, under a decree in the consolidated suit.

On October 9, 1886, Archibald C. Wadsworth by deed of that date conveyed and granted to William S. Hook, in consideration of $2,000 then paid and the further sum of $4,000, payable one-half in one year and one-half in two years from that date, with interest as expressed in two certain notes, certain real estate in the county of Morgan, Illinois, with the buildings, tracks, switches, switch stands, machinery, etc., thereon formerly belonging to the Jacksonville Car Company. This deed reserved a vendor's lien upon the granted premises to secure the unpaid purchase money represented by the two notes. The deed was delivered to Hook, but was never recorded. These notes were indorsed and transferred by Wadsworth, in October, 1886, for value, to the Trustees of Illinois College, the appellee, who has since been and is now the holder of them; and the principal of them, with interest since October 9, 1892, remains unpaid. The purchase by Hook was made on account of the Jacksonville Southeastern Railway Company, now known as the Jacksonville, Louisville & St. Louis Railroad Company; but there was no formal conveyance by Hook to the Jacksonville Company, the property conveyed by the deed being controlled and used by that company as a car manufacturing and repair shop from the date of the sale until 1892. The property conveyed becoming inadequate for the uses of the Jacksonville Southeastern Line, in 1892 the old buildings were dismantled and tracks torn up, the materials and machinery carried to a new location, and the new shops were thereafter called the "Chicago, Peoria & St. Louis Railway Shops," and were used by the Jacksonville Southeastern Line as a car manufacturing and repair plant, and were taken possession of by the receiver in the principal case. The value of the steel boiler, stationary engine, lathe, hydraulic wheel press, belting and shafting, and other machines so removed, is found by the master to have been $6,180, aside from some 5,500 feet of iron rail, the value of which is not stated.

The appellee by intervening petition asks the court that it enter a decree directing the receiver to pay to the petitioner the value of the machinery as it was when taken to the new premises, or that the machinery be restored to the realty, with the value for the use of the same and damage for deterioration in value while in use in the new shops. The master reported that restitution could not be made in specie, and that the petitioner should be paid in cash for the same to the extent of the principal and accrued interest upon the notes, which report was confirmed by the court, and a decree entered that Bosworth, receiver of the Chicago, Peoria & St. Louis Railway Company, pay to the Trustees of Illinois College the amount of the two notes, with interest, amounting to $6,609.40. This decree is brought by the named appellants to this court for review.

Bluford Wilson and P. B. Warren, for appellants.

Henry A. Gardner and Edwd. P. Kirby, for appellee.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

JENKINS, Circuit Judge, after stating the facts, delivered the opinion of the court.

By the law of the state of Illinois the vendor's lien reserved in the unrecorded deed to Hook was potential against the world, except

creditors and purchasers in good faith. The property was, without the knowledge of the vendor, removed by Hook, the president of each of the roads and the common manager of them all, to a locality in fact owned by the Chicago, Peoria & St. Louis Railway Company, but for the use of the several constituent companies composing the Jacksonville Southeastern Line, and was so used until taken possession of by the receiver in this suit. He could only justify his title and possession by showing that the Chicago, Peoria & St. Louis Railway Company was a bona fide holder of the property for value and without notice of the vendor's lien. This is not shown by the mere fact of removal and the placing of machinery upon premises owned by that company, and in fact used for the common benefit of the constituent companies; nor by the fact, if it be a fact, that that company was the only member of the association which through the earnings of its line and the sale of its bonds was able to maintain itself and its associates; nor by the fact that the other companies would in an accounting be shown to be indebted to it. There was no transfer of the title of the property by Hook to any one, so far as the record discloses. If purchased by him with the funds of the Jacksonville Southeastern Line, the property belonged to all the companies, and was subject to an equitable accounting between the constituent members of the association; but in that event, being so purchased for the association by Hook, its head, who was also the president and manager of each company, knowledge of the vendor's lien reserved in the unrecorded deed to Hook is clearly chargeable to each constituent member of the association. No one member of the partnership or association under such circumstances could be heard to say that it acquired the property without knowledge of the lien. There is no evidence of a sale of the property to the Chicago, Peoria & St. Louis Railway Company, or of any payment by it therefor. The presumption which attaches to commercial paper transferred before maturity does not apply to the transfer of chattels. A bona fide purchase for value without notice must be proven as a fact by the possessor, and is not to be presumed, particularly under the circumstances surrounding this transaction.

The objection that the realty is not shown to be insufficient security for the payment of the debt cannot be sustained. There was no sale of this property. The equitable principle which requires a sale in the inverse order of alienation is not applicable here. The principle invoked is applied "where there are two creditors standing in equal equity, one of whom has security upon two funds and the other only upon one." Iglehart v. Crane, 42 Ill. 261. The entire property belonged in equity to the association, and not to Hook. The Chicago, Peoria & St. Louis Railway Company—as claimed by counsel—has in equity the right to the entire property, but that right is subject to the lien of the vendor. The company stands in no better plight than Hook, and its possession was in fact Hook's possession.

The objection that the court and the master erred in finding that the tools and machinery could not be restored in specie is equally fallacious. The petition was in the alternative, either for a restoration of that which had been detached from the realty, if it could be done, or for the value. This machinery had been stripped from the realty,

converted to the use of wrongdoers, and used for nearly eight years. The appellee's right thereto was denied. The property manifestly could not have been restored in specie. It must have suffered much depreciation in its value. Under these circumstances the appellants cannot complain that the value is awarded, and not a specific return of the property ordered, particularly as the amount awarded by the decree, being the amount of the debt, is less than the value of the property taken, with interest from the taking.

The decree is affirmed.