JOHNSON v. GEORGIA LOAN & TRUST CO. et al.

(Circuit Court of Appeals, Fifth Circuit. December 5, 1905. On Rehearing, January 30, 1906.)

No. 1,497.

VENDOR AND PURCHASER—SUBSEQUENT PURCHASER FROM VENDOR—RIGHT TO PROTECTION.

To entitle a defendant to protection as a bona fide purchaser for value and without notice of lands which had previously been conveyed by the grantor, he must allege and prove, not only want of notice, but also actual

payment of the purchase money, independently of the recitals in his deed, which do not constitute proof of such payment.

[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Vendor and Purchaser, § 568.]

Appeal from the Circuit Court of the United States for the Northern District of Georgia.

The following is conceded to be a substantially correct statement of the case:

Elizabeth Johnson, a citizen and resident of the state of New York, brought her bill in equity against the Georgia Loan & Trust Company, a Georgia corporation, with its principal domicile in Bibb county, Ga., and against E. C. Armistead and the other appellees, who are citizens and residents of the Northern district of Georgia. The purpose of the bill was: (1) To establish a constructive or implied trust as against the defendant the Georgia Loan & Trust Company relative to certain property, the subject-matter of the cause. Complainant contended, and set out facts sufficient to establish her contentions, that the lands in question in equity belonged to her, the legal title, however, being in the Georgia Loan & Trust Company, who by construction or implication was complainant's trustee, holding a mere naked legal title. Complainant contended that in equity she was to be regarded as the true owner of the lands, although the legal title was outstanding in the Georgia Loan & Trust Company. (2) Complainant sought to have her right and equitable title to the lands in question set up and established, as against the defendant E. C. Armistead, who claimed title adversely, and as against the other defendants, who were mere tenants of Armistead in possession, and to recover of said defendants the actual possession of the lands.

Complainant's bill showed all necessary jurisdictional facts. It set up that the principal defendant, E. C. Armistead, and his tenants in possession, claimed title to the lands in question, the nature, character, and extent of which claim was unknown to complainant; that such claim was without validity, and was subordinate to the right, title, and claim of complainant; that the claim of the said Armistead and others was under a common propositor, namely, A. D. Martin. The bill further averred that on the 2d day of December, 1889, the said A. D. Martin conveyed the lands in question to the defendant the Georgia Loan & Trust Company by deed duly executed and recorded, for a consideration of $6,000; that the Georgia Loan & Trust Company was the agent and representative of the said A. D. Martin for the purpose of securing a loan of money, and as such agent and representative applied to complainant for said loan; that complainant paid over to the Georgia Loan & Trust Company, for said Martin, in pursuance of the application aforesaid, the sum of $6,000, the consideration of the deed above referred to from Martin to the Georgia Loan & Trust Company; that the defendant the Georgia Loan & Trust Company, instead of taking the deed to said land to complainant, Elizabeth Johnson, took the same directly to itself, as grantee. The bill alleges that, the money—the consideration of the deed aforesaid—having been furnished by complainant, and the defendant the Georgia Loan & Trust Company having taken title to the lands in question to itself, said Georgia Loan & Trust Company became and was a mere naked trustee, holding said lands for the benefit and on behalf of complainant, and should be required to convey the legal title to said lands to complainant. It appeared from the allegations of the bill that the deed aforesaid from Martin to the Georgia Loan & Trust Company was made pursuant to an act of the Legislature of the state of Georgia, as codified in section 1969 of the Code of 1882 of said state, the pertinent portion of which is as follows: "Whenever any person in this state conveys any real estate by deed to secure any debt to any person loaning or advancing said vendor any money, or to secure any other debt, and shall take bond for title back to said vendor upon the payment of such debt or debts, such conveyance of real property shall pass the title of said property to the vendee." It was conceded (that is to say, no issue was made in this regard) that under the statute law of Georgia and the decisions of the Supreme Court of the state a deed of the character indicated

conveyed to the vendee absolute title to the property, and did not constitute a mere lien thereupon; that an action of ejectment, or other proper procedure for recovery of the actual possession of the property, could be based upon such a deed, just as well as upon an ordinary warranty deed. Complainant's bill described the property in question, waived discovery, and prayed specific and general relief; and the averments of the bill clearly showed that there was no adequate remedy at law. There was no demurrer or plea filed to the bill by either one of the defendants, and no answers filed by the Georgia Loan & Trust Company or W. B. Patrick, and orders pro confesso were duly entered in the cause as to these defendants. The principal defendant, E. C. Armistead, and the defendants Jep Perry, Willis Whitehead, and C. C. Brazil, filed answers; and, the complainant having in due time filed her general replications to these several answers, the cause was referred to the standing master of the court, and further procedure was had as is usual in such matters.

It is not material to a proper consideration of the cause upon this appeal to summarize the answers of E. C. Armistead and the other defendants. It is only necessary to say that the principal defendant, E. C. Armistead, claimed title to the lands involved in the cause under the following deeds of conveyance: Deed from A. D. Martin to Jesse White, dated 26th day of July, 1892; deed from Jesse White to F. L. Norville, dated 29th day of November, 1892; and deed from F. L. Norville to E. C. Armistead, dated 14th day of August, 1893. It will be observed that the first of these deeds, namely, from A. D. Martin to Jesse White, is subsequent in date to the deed upon which complainant relies, namely, the deed of the 2d of December, 1889, from A. D. Martin to Georgia Loan & Trust Company, which latter deed had been duly recorded at the time of the alleged deed from A. D. Martin to Jesse White. Armistead's contention in this regard was that the deed from Martin to the Georgia Loan & Trust Company did not describe the lands in question with sufficient accuracy to constitute notice to a subsequent grantee from Martin. While there were attached to Armistead's answer copies of the chain of deeds upon which he relied, as a matter of fact the alleged deed from Martin to Jesse White was not put in evidence by him, and the certificate to the copy which was attached to his answer was made by the clerk of the superior court of Pike county, Ga., whereas the deed itself was alleged to have been recorded where it should have been recorded under the laws of Georgia, namely, in the clerk's office of the superior court of Jackson county, the county in which the lands were located. After taking evidence, considering the pleadings and argument of counsel, the master duly filed his report in the cause. Although there was no special plea or demurrer in the case, certain questions of law, some affecting the jurisdiction of the court, were raised by the defendants ore tenus upon the hearing before the master. Each and all of these questions were determined by the master in complainant's favor. The report of the master in this particular is quite elaborate, and he cites a number of authorities in support thereof. The master also determined all questions of fact raised by the pleadings in complainant's favor, among other things deciding that the defendant the Georgia Loan & Trust Company was a naked trustee for complainant; that complainant advanced the purchase money for the property, which was paid over to Martin, and which furnished the consideration for the deed of December 2, 1889, from Martin to the Georgia Loan & Trust Company; that in equity the complainant, Elizabeth Johnson, was the true owner of the land, so far as the Georgia Loan & Trust Company was concerned, or any other person or persons having notice, actual or constructive, of the deed from Martin to the Georgia Loan & Trust Company, and whose claims or rights were acquired from Martin subsequent to the execution of said deed; that the constructive or implied trust insisted upon by complainant should be decreed; that the cause was cognizable in equity, and by the Circuit Court of the United States, etc. Among other things, the master found that E. C. Armistead claimed title to the property under A. D. Martin, by virtue of a chain of deeds from Martin down to the said Armistead, the first of which was executed by the said Martin subsequent to the execution of the deed by him of December 2, 1889, to the Georgia Loan & Trust Company, under which complainant claimed; but he assumed as a fact that in the ab-

sence of evidence to the contrary (and there was no evidence on the subject) the consideration expressed in the deeds under which Armistead claimed was actually paid for the land. The result of the master's entire report and findings was adverse to complainant; for that the master found that Armistead's title, although based upon a junior deed from A. D. Martin, had priority to the title or right of complainant, in that the said Armistead was a bona fide purchaser without notice, actual or constructive, of the previous deed from A. D. Martin to the Georgia Loan & Trust Company. The complainant presented to the master her exceptions of fact and of law to his findings and report, which exceptions were overruled, and were duly filed as a part of the record in the cause. Upon consideration of said exceptions, the Circuit Court overruled each and all of the exceptions and confirmed the report and findings of the master in toto, and thereafter entered up a final decree in the cause accordingly.

J. L. Anderson, for appellant.
George Westmorland, for appellees.

Before PARDEE and SHELBY, Circuit Judges, and MAXEY, District Judge.

PARDEE, Circuit Judge, after stating the facts, delivered the opinion of the court.

There is evidence in the record, pointed out in the briefs of appellant, tending very strongly to show that Armistead had actual notice of the conveyance under which appellant claims, and a very strong argument is presented to show that he was charged with constructive notice; but on both propositions the master and the Circuit Court found in Armistead's favor. If the fact that Armistead was a purchaser without actual or constructive notice gave him title to the lands in controversy as against the prior conveyance to the Georgia Loan & Trust Company, we should, under the evidence and the perhaps misleading mistake in the description in the deed, feel concluded from going into the matter. But the absence of notice will not alone protect Armistead as a purchaser. He must be a bona fide purchaser for value. In his answer he says that Jep White bought the land of Martin for the price of $20 per acre, allowed as a credit on a note held by White against Martin, and entered in his own right, having bought said land bona fide, for full value, without notice, etc., and that Jesse White sold the land to Norville for full value bona fide and executed deed therefor, and that Norville bought said land bona fide, for full value, in the utmost good faith, etc., and that he (Armistead) bought the land from Norville in the utmost good faith, bona fide, and for full value. Nowhere in his answer does Armistead aver that either he or White or Norville ever paid any actual price or consideration in any of the several alleged purchases. He attaches to his answer certified copies of a warranty deed from Martin to White, reciting a consideration paid of $1,500, and a "quitclaim and forever defend" deed from Norville to Armistead, reciting a consideration of $1,500. The record does not show that on the hearing before the master the above-mentioned deeds were offered in evidence, but the appellees' counsel claims that copies of the deeds attached to the answer were by agreement used in lieu of originals, and the master in his report treats the said copies as in evidence.

If the said copies were duly offered in evidence or were put in by agreement, no effort was made or evidence offered to supplement them with proof as to any actual payment of any consideration. In his findings of facts, the master says that "in the absence of evidence to the contrary it is assumed that the consideration expressed in the deeds was actually paid for the land," evidently considering that the recitals in the deeds imported full, proof. In his third conclusion of law the master finds that the defendant Armistead is a bona fide purchaser, for a valuable consideration, without notice, etc.

In Boone v. Chiles, 10 Pet. 177, 211, 9 L. Ed. 388, an elaborately argued and considered case, it was held that a bona fide purchaser will not be protected on mere averment or allegation. "The answer setting it up is no evidence against the plaintiff, who is not bound to contradict or rebut it. [Simon v. Hart] 14 Johns. 63, 74; [Payne v. Coles] 1 Munf. 396, 397; [Clason v. Morris] 10 Johns. 544, 548; [Leeds v. Ins. Co.] 2 Wheat. 383 [4 L. Ed. 266]; [Lenox v. Prout] 3 Wheat. 527 [4 L. Ed. 449]; [Hughes v. Blake] 6 Wheat. 468 [5 L. Ed. 303]; [Smith v. Bruch] 1 Johns. Ch. 461. It must be established affirmatively by the defendant, independently of his oath. [James v. McKernon] 6 Johns. 559; [Green v. Hart] 1 Johns. 590; [Skinner v. White] 17 Johns. 367; [Anderson v. Roberts] 18 Johns. 532 [9 Am. Dec. 235]; [Hart v. Ten Eyck] 2 Johns. Ch. 87, 90; 4 Bro. C. C. 75; Amb. 589; 4 Ves. 404, 587; [Huntington v. Nicoll] 3 Johns. 583. In setting it up by plea or answer, it must state the deed of purchase, the date, parties, and contents briefly; that the vendor was seized in fee and in possession; the consideration must be stated, with a distinct averment that it was bona fide and truly paid, independently of the recital in the deed. Notice must be denied, previous to and down to the time of paying the money and the delivery of the deed; and, if notice is specially charged, the denial must be, of all circumstances, referred to, from which notice can be inferred; and the answer or plea show how the grantor acquired title. Sugden, 766, 770; 1 Atk. 384; 3 P. Wms. 2801, 243, 307; Ambl. 421; 2 Atk. 230; [Wormley v. Wormley] 8 Wheat. 449 [5 L. Ed. 651]; [Potter v. Gardner] 12 Wheat. 502 [6 L. Ed. 706]; [Potter v. Gardner] 5 Pet. 718 [8 L. Ed. 285]; [Jewett v. Palmer] 7 Johns. Ch. 67 [11 Am. Dec. 401]. The title purchased must be apparently perfect, good at law, a vested estate in fee simple. [Wilson v. Mason] 1 Cranch, 100 [2 L. Ed. 29]; [Lambert v. Paine] 3 Cranch, 133, 135 [2 L. Ed. 377]; [Hurst v. McNeill] 1 Wash. C. C. 75 [Fed. Cas. No. 6,936]. It must be by a regular conveyance; for the purchaser of an equitable title holds it subject to the equities upon it in the hands of the vendor, and has no better standing in a court of equity. [Shirras v. Caig] 7 Cranch, 48 [3 L. Ed. 260]; [Vattier v. Hinde] 7 Pet. 271 [8 L. Ed. 675]; Sugden, 722. Such is the case which must be stated to give a defendant the benefit of an answer or plea of an innocent purchaser without notice. The case stated must be made out. Evidence will not be permitted to be given of any other matter not set out. [Vattier v. Hinde] 7 Pet. 271 [8 L. Ed. 675]."

Boone v. Chiles has been cited, approved, followed, and distinguished in a long line of cases running through federal and state Reports to the present time (volume 3, Rose's Notes, 559 et seq.), and the ruling above quoted has been particularly followed. Id. 562. Some of the cases are directly in point.

In Smith v. Orton, 131 U. S. Append. lxxviii, it was held:

"But, secondly, the rule which affords protection to a bona fide purchaser without notice has no application to this case. To bring the defense within it, it must be averred in the plea or answer, and proved, that the conveyance was by deed, that the vendor was seized of the legal title, and that all the purchase money was paid and paid before notice. There must not only be a distinct denial of notice before the purchase, but a denial of notice before payment. Even if the purchase money has been secured to be paid, yet if it be not in fact paid before notice, the plea of purchase for a valuable consideration will be overruled. Jewett v. Palmer, 7 Johns. Ch. 65, 11 Am. Dec. 401; Vattier v. Hinde, 7 Pet. 252, 271, 8 L. Ed. 675; Boone v. Chiles, 10 Pet. 177, 211, 9 L. Ed. 388; Story, Eq. Pl. §§ 805, 806."

In Simmons Creek Coal Co. v. Doran, 142 U. S. 437, 12 Sup. Ct. 239, 35 L. Ed. 1063, it was held that the recitals in deeds cannot be relied upon as proof of the payment of purchase money, citing Boone v. Chiles, and numerous other cases. In United States v. California, etc., Land Co., 148 U. S. 41, 13 Sup. Ct. 458, 37 L. Ed. 354, again Boone v. Chiles is approved. In Secombe v. Campbell (C. C.) 2 Fed. 358, the plea of innocent purchaser was held bad for not setting forth the amount of the consideration. In Morse v. Godfrey, 3 Story, 364, Fed. Cas. No. 9,856, it was held "that a transfer of property to secure an old debt will not make a party a bona fide purchaser." In Curts v. Cisna, 7 Biss. 265, Fed. Cas. No. 3,507, it was held "that a purchaser under a contract for a deed is not protected as a bona fide purchaser." In Nickerson v. Meacham (C. C.) 14 Fed. 884, Lakin v. Sierra Buttes Gold Mining Co. (C. C.) 25 Fed. 342, and Davis v. Ward, 109 Cal. 189, 41 Pac. 1010, 50 Am. St. Rep. 29, it was held that actual payment before notice must be shown. In Watkins v. Edwards, 23 Tex. 447, it was held that proof of the payment of purchase money apart from the acknowledgment in deed must be made. See, also, Brown v. Welch, 18 Ill. 346, 68 Am. Dec. 549; Richards v. Snyder, 11 Or. 510, 6 Pac. 186.

As Armistead failed to aver the payment of the purchase money within the rule laid down in Boone v. Chiles, and as he failed to prove such payment under any of the deeds relied on by him, he cannot be held to be an innocent purchaser for value in bar of appellant's equities, although he may have had no notice, actual or constructive, of the prior deed to the Georgia Loan & Trust Company.

J. J. Perry, claimant of 40 acres of the land in controversy, in an unsigned and unsworn answer, pleads a purchase from Armistead, "in the utmost good faith, bona fide, and paid full value for it without notice of any equity or claim of complainant or the Georgia Loan & Trust Company," etc.; but he makes no proof to support his answer.

The decree of the Circuit Court is reversed, and the cause is remanded, with instructions to decree for the complainant below, appellant here, substantially as prayed for in the bill, and against all the appellees in this appeal.

## On Rehearing.

PER CURIAM. On the showing made in this court by E. C. Armistead, appellee, it is ordered that our former decree herein rendered December .5, 1905, be and the same is amended so as to read as follows: The decree of the Circuit Court is reversed, and the cause is remanded with instructions to decree for the complainant below, appellant here, substantially as prayed for in the bill and against all the appellees in this appeal, unless upon due cause contradictorily shown the Circuit Court shall consider that equity requires a reopening of the reference and a recommittal to the master for further· evidence and report. All the costs of this court to be paid by the appellee.