COOPER v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 15, 1915. Rehearing Denied March 18, 1915.)

No. 2460.

1. PUBLIC LANDS ☞119—CANCELLATION OF PATENT—FRAUD.

Where prior to final proof there was no plowing, cultivation, or fencing on land acquired by homestead entry, and the only improvement was a house 12 feet by 16 feet, two sides of which had been put up with rafters at each end to hold them in place, the patentee perpetrated a fraud upon the government by making and procuring affidavits showing compliance with the law and obtaining the final certificate and patent.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 331–340; Dec. Dig. ☞119.]

2. PUBLIC LANDS ☞120—CANCELLATION OF PATENT—BONA FIDE PURCHASERS..

Where a patentee of land, who procured a patent by false affidavits as to compliance with the law respecting improvements, settlement, and residence, was in defendant's employ at the time, and deeded the land to defendant on the day final proof was made, the land was inclosed with

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

a much larger area by defendant's fences, and defendant did not complete a house on the land, so as to render it habitable, a finding that he bought with knowledge of the patentee's fraud was supported by the evidence.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 332–335; Dec. Dig. ☞120.]

3. PUBLIC LANDS ☞125—CANCELLATION OF PATENT—JUDGMENT—CONFORMITY TO PLEADINGS.

In a suit against a purchaser of land from a patentee to annul the patent and set aside the deed to defendant as a cloud upon the title, it appeared that defendant had contracted to sell to H., whereupon the bill was amended to allege that H.'s interest was acquired with knowledge of the patentee's fraud and to pray that his contract be canceled. The bill further prayed for such other and further relief as might seem meet in equity. *Held* that, where it appeared that by reason of H.'s bona fides and the running of limitations as to him the land was beyond recovery by the government, a money judgment against the original defendant, with a lien on the land therefor, and a provision that if it was not paid H. should pay it out of the purchase money owing to defendant, was warranted by the prayer for general relief.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 341; Dec. Dig. ☞125.]

Appeal from the District Court of the United States for the District of Montana; George M. Bourquin, Judge.

Suit by the United States against Frank D. Cooper and another. From a decree (217 Fed. 846) in favor of the United States, the defendant named appeals. Affirmed.

See, also, 220 Fed. 871.

This suit was instituted by the United States against Frank D. Cooper to annul and set aside the patent of the government to the lands described in the complaint. The lands were acquired by one Jay C. Freeman through homestead entry and commutation, and Cooper is the grantee of Freeman. Freeman made filing on the land June 19, 1902. He made final proof August 18, 1904, and on the same day deeded to Cooper. Final receipt was issued August 23, 1904, and the patent February 10, 1905. It is alleged that 'the patent was acquired from the government through fraud practiced upon it by Freeman in claiming to have settled upon the land by homestead entry, and to have made improvements thereon of the value of $400, and to have lived thereon until final proof was made, when in fact he did 'none of these things, and in making and procuring to be made false affidavits touching such settlement, residence, and improvements, to show compliance with the law and obtain the final certificate and patent. It is further alleged that Cooper was a purchaser from Freeman with full knowledge of the fraud committed by Freeman in procuring the patent.

Cooper answered, and, the cause having been brought on for trial, it developed that Cooper, on December 13, 1909, six days after the bill was filed, but five days before service was had, entered into a contract for the sale of the land in question, together with a large amount of other land, with one George Heaton, whereupon the bill was allowed to be amended, by interlineation, so as to show the fact. In that relation, it was further alleged that Heaton, by reason of the contract, claimed some right or interest in the premises, but that such interest, whatever it is, was acquired with full knowledge of the fraud perpetrated in the procurement of the patent. Heaton was made a party, and answered to the bill December 2, 1912, showing purchase from Cooper in good faith, and that the cause did not accrue within six years prior to the filing of the bill and service of subpœna upon him. The prayer of the bill is for an annulment of the patent, that the deed to Cooper be declared a cloud upon the title and set aside, that the agreement with Heaton be canceled and held for naught, and for such other and further relief as may seem meet in equity.

☞For *other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes*

On the final hearing, the court rendered a decree in favor of the government and against Cooper in the sum of $912, and interest at the rate of 8 per cent. per annum from December 13, 1909, amounting in the aggregate, with interest, to $1,212.96, and further decreeing that, unless said amount were paid by Cooper, defendant Heaton should pay the same out of the purchase money owing from him to Cooper; that the payment, if made by Heaton, shall be a discharge upon his contract to that extent, and complainant shall have a lien upon the land for the amount of the decree and for its costs. Heaton declined to appeal, and Cooper, having severed, prosecutes the appeal alone.

James A. Walsh, of Helena, Mont., for appellant.

B. K. Wheeler, U. S. Atty., of Butte, Mont., for the United States.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge (after stating the facts as above). Three contentions are made on the appeal: First, that the evidence is insufficient to establish fraud on the part of Freeman in procuring the patent from the government; second, that Cooper was an innocent purchaser for value; and, third, that the decree is not within the issues, nor supported by the pleadings and the evidence.

[1] The evidence very clearly shows that Freeman made no sort of settlement upon the land, nor did he make the improvements thereon claimed, if he made any whatever. Prior to final proof some one had started the building of a house upon the premises, a board structure, with dimensions about 12 feet by 16 feet. Two sides had been put up, with rafters at each end to hold them in place. Further work was done on it, at the instance of Cooper, about the time final proof was made. This was all the improvement of any kind that was ever made upon the premises prior to final proof. There was no plowing or cultivation, nor any fencing. It is unnecessary to pursue the subject further, as it is very apparent that Freeman perpetrated a fraud upon the government in procuring his patent.

[2] As to Cooper, it has been seen that further work was done on the house at his instance, but it was not even then completed. A door frame was put in, but no door. The house contained no windows, nor was there a hole in the roof for a stovepipe, so that it was not rendered habitable. The inference is that Cooper did not do the further work for habitation by his men; he being in the stock business, and having in his employ many sheep herders. Freeman was in his employ during the year 1904. This land was inclosed with a much larger area by the fencing of Cooper, and it appears that the very day final proof was made Cooper obtained a deed from Freeman. We think the trial court's finding that Cooper bought with knowledge of Freeman's fraud was amply supported by the evidence.

[3] The third contention presents more nearly a question of law than of fact. Was the relief granted within the issues and scope of the pleadings? In considering this question, the answers of Cooper and Heaton must be taken note of. It was in view of such answers that the complaint was amended by interlineation. The amendment sets forth the fact of the execution of the agreement between Cooper and Heaton, and that by reason thereof Heaton claimed some right or

interest in the land, but that such interest was subordinate to the interest of the government. The prayer for relief was changed only in so far as it asked that the contract between Cooper and Heaton be canceled. It turned out, under the evidence, that this contract was bona fide, but that its conditions had not yet been fulfilled, so as to entitle Heaton to a deed. It was decreed, therefore, in effect, that Cooper pay to the government the amount of such purchase price to be received by him from Heaton, and that it be declared a lien on the land in Heaton's hands.

There were presented by the pleadings the issue as to the fraud on the part of Freeman in procuring the patent, the issue as to good faith on the part of Cooper in his purchase from Freeman, the question whether an agreement of sale had been entered into between Cooper and Heaton, and the good faith of that agreement, which involved the value of the land, and naturally there arose out of the situation the inquiry as to what decree should be made to best subserve the ends of justice and equity. It was deemed that, by reason of the bona fides of Heaton's purchase, and the running of the statute of limitations as to him, the land was beyond recovery by the government; but it was found that Cooper still had a present equity in it, and quite naturally so under the evidence, and so the land was impressed with the demand of the government.

Now, under the facts distinctly stated in the bill and the answers of the defendants, and the issues naturally growing out of such facts, the relief accorded the government was plainly within the prayer for general relief, although not within any specific demand. This, under the authorities, will support the decree. A fair illustration of the principle is found in Lockhart v. Leeds, 195 U. S. 427, 436, 25 Sup. Ct. 76, 79 (49 L. Ed. 263), where the court says:

"There is nothing in the intricacy of equity pleading that prevents the plaintiff from obtaining the relief under the general prayer to which he may be entitled upon the facts plainly stated in the bill. There is no reason for denying his right to relief, if the plaintiff is otherwise entitled to it, simply because it is asked under the prayer for general relief and upon a somewhat different theory from that which is advanced under one of the special prayers."

See, also, Walden v. Bodley, 14 Pet. 156, 10 L. Ed. 398; Tayloe v. Merchants' Fire Insurance Co., 9 How. 390, 13 L. Ed. 187; Stevens v. Gladding & Proud, 17 How. 447, 15 L. Ed. 155; Tyler v. Savage, 143 U. S. 79, 98, 12 Sup. Ct. 340, 36 L. Ed. 82; Patrick v. Isenhart et al. (C. C.) 20 Fed. 339.

These considerations lead to an affirmance of the decree; and it is so ordered.