COOPER v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 15, 1915. Rehearing Denied March 18, 1915.)

No. 2461.

1. PUBLIC LANDS ⬤═120—CANCELLATION OF PATENT—SUFFICIENCY OF EVIDENCE.

In a suit by the United States to cancel a patent to land for fraud, evidence *held* insufficient to show that defendant was a bona fide purchaser for a valuable consideration without notice.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 332–335; Dec. Dig. ⬤═120.]

2. PUBLIC LANDS ⬤═120—CANCELLATION OF PATENT—BURDEN OF PROOF.

In a suit by the United States to cancel a patent to land for fraud, the burden was upon a purchaser from the patentee to produce satisfactory proof that he purchased in good faith and for value.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 332–335; Dec. Dig. ⬤═120.]

Appeal from the District Court of the United States for the District of Montana; George M. Bourquin, Judge.

Suit by the United States against Frank D. Cooper and another. From a decree (217 Fed. 846) in favor of the United States, the defendant named appeals. Affirmed.

See, also, 220 Fed. 867, 136 C. C. A. 497.

James A. Walsh, of Helena, Mont., for appellant.

B. K. Wheeler, U. S. Atty., and Frank H. Woody, Jr., Asst. U. S. Atty., both of Butte, Mont., for the United States.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. [1] This case differs in no essential feature from the case of the same title (220 Fed. 867, 136 C. C. A. 497) which has just been decided by this court, except in the degree of the proof that the appellant purchased the land with knowledge of the homestead entryman's failure to comply with the law. The trial court found that, for 18 months immediately preceding final proof, the entryman of the land involved had no house, fence, or other improvements on the land, and did not reside thereon, or cultivate the same, and that finding is fully sustained by the evidence. The court also found that the appellant knew those facts when he purchased the land, that he did not pay a valuable consideration therefor, and was not a bona fide purchaser.

The appellant was the owner of a large tract of land, consisting of some 20,000 acres, surrounding, and some of it adjoining, the land in controversy herein. The homestead entry was made in 1899, and the entryman obtained his final receipt on June 18, 1904. On July 15, 1904, he conveyed the land to the appellant. The entryman was a sheep herder in the appellant's employment during the years 1902, 1903, and 1904, and during a large part of that time he was away from his home-

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

stead, as his employer must have known. The appellant's own testimony falls short of showing that he was a bona fide purchaser for value without notice. It is true that he testified that he purchased the land in good faith, but he did not testify that he was without knowledge of the condition of the homestead and the improvements or lack of improvements thereon, or that he had not been over the premises. What he did testify was this:

"At the time I purchased the land I did not have any knowledge that it was claimed that he had not complied with the law with reference to residence and improvements."

That is a very different thing from saying that the appellant was without knowledge that the law had not been complied with. As to his actual presence on the land, all that he testified was:

"I think I was over the land a long time before the final proof was made."

He did not say that he was not there at other times. There was testimony that in the spring of 1904 he was "a good many times" in the neighborhood of the land, and that he was seen crossing the same on a road which he had caused to be constructed. It is to be observed, also, that the appellant's testimony is to some extent discredited by the testimony of witnesses to the effect that he had been engaged in employing others to take up land claims for him, and had furnished the fees and expenses for the entries. This testimony is not entirely denied by the appellant.

[2] The burden was upon him to produce satisfactory proof that he purchased in good faith and paid value. His testimony that he "purchased that land in good faith" and paid a "money consideration" does not constitute such proof. Nor is the recital in his deed of the payment of a money consideration sufficient proof. In Boone v. Chiles, 10 Pet. 177, 9 L. Ed. 388, it is said:

"The consideration must be stated, with a distinct averment that it was bona fide and truly paid, independently of the recital in the deed. Notice must be denied previous to and down to the time of paying the money, and the delivery of the deed."

Cases applying these principles are Simmons Creek Coal Co. v. Doran, 142 U. S. 437, 12 Sup. Ct. 239, 35 L. Ed. 1063, Nickerson v. Meacham (C. C.) 14 Fed. 881, Lakin v. Sierra Buttes Gold Min. Co. (C. C.) 25 Fed. 337, Johnson v. Georgia Loan & Trust Co., 141 Fed. 593, 72 C. C. A. 639, United States v. Hill (D. C.) 217 Fed. 841, and United States v. Brannan, 217 Fed. 849, 133 C. C. A. 559.

The defense is clearly not supported by the evidence.

The judgment is affirmed.