## UNITED STATES v. PUGET SOUND TRACTION, LIGHT & POWER CO. et al.

(District Court, W. D. Washington, N. D.   May 23, 1924.)

1. Equity ⬤➡424—Legal relief granted must be incidental to and consonant with the equitable relief demanded.

   Legal relief granted in a suit in equity must be incidental to and consonant with the equitable relief demanded.

2. Public lands ⬤➡120—Government cannot invoke inconsistent remedies in same suit.

   The United States cannot disaffirm a patent on the ground of fraud and ask its cancellation, and also affirm and ask damages in the same suit, but must elect between the inconsistent remedies.

In Equity. Suit by the United States against the Puget Sound Traction, Light & Power Company and others. On various motions by defendants. Sustained in part.

In February, 1914, the United States commenced an action against the above-named defendants to cancel a land patent issued in 1904 to P. B. Cornwall and to annul mesne conveyances and mortgages. The defendants appeared and separately moved for a further and better statement of the claim, setting forth the facts why "its claims against these defendants are not barred by the statute of limitations." The motion was granted (215 Fed. 436) and thereafter (September 13, 1915) amended complaint was filed. Subsequently (October 18, 1917), upon motion of plaintiff, a second amended complaint was filed. To this amended complaint separate motions were filed by the defendants to dismiss the action because barred by the statute of limitations (U. S. Comp. Stats. §§ 4901–5114), together with other motions to be considered if the motion invoking the bar should be denied. These motions were presented, and the motion to dismiss on the ground that the action is barred granted on March 2, 1918, and formal dismissal entered September 5, 1918. Appeal was prosecuted, the order of dismissal reversed, and the cause remanded for further proceedings. 281 Fed. 522.

On May 10, 1923, on the ex parte motion of plaintiff, an order was entered making J. J. Donovan a party defendant to the above-entitled action and directing a copy of the second amended complaint and the amendment concerning said J. J. Donovan to be served upon him. On the 29th of May, 1923, the following amendment was filed: "That one J. J. Donovan * * * participated in the fraud by which the title to the lands involved was illegally acquired from the plaintiff in the manner set forth in the second amended bill of complaint, in this: That the said J. J. Donovan induced the said P. B. Cornwall, P. E. Connelly, D. O. Mills, and Alvinza Hayward to make the mining locations described in the bill of complaint, well knowing that the lands were not mineral lands and that they were not desired for their mineral value, but that they were valuable and desirable only for water power purposes, and the said J. J. Donovan, at the time he ostensibly acted as attor-

ney in fact for P. B. Cornwall in applying for patent on said alleged mining claims, was in fact acting in his own behalf and in behalf of the Bellingham Bay Improvement Company, and the said Donovan, with full knowledge that the said lands were not mineral lands, unlawfully assisted the so-called locators in securing patents therefor under the mining laws in the manner set forth in the second amended bill of complaint." The plaintiff then prays the same relief against Donovan as is prayed for against the other defendants "and for such other and further relief as it may be entitled to in equity and good conscience." In the second amended complaint, in addition to equitable relief, personal judgment is prayed for against all defendants.

The defendants Puget Sound Traction, Light & Power Company and the Whatcom County Railway & Light Company move for an order requiring the plaintiff to elect whether it will carry on this suit for the purposes of setting aside the patent and all mesne conveyances, etc., and, in case of such election, that the suit be dismissed so far as it claims damages, and that the plaintiff be required to elect whether it will confirm such patent and carry on this suit for the recovery of damages against parties other than these moving defendants, and, if so, that the case be dismissed as to these moving defendants, and that, if plaintiff elect to proceed against these defendants to set aside such patents, then suit so far as it claims damages be dismissed.

The defendant Donovan files a separate motion, praying that he be dismissed from the suit or in the alternative, that the amendment making him a party to the action be stricken, that in this action the plaintiff has irrevocably elected his remedy and the sole relief sought is equitable, that the relief sought against the defendant is legal, that legal and equitable causes may not be joined, and that the legal and equitable causes are not separately stated, and makes some other motions in the alternative which it is not necessary to enumerate.

The Bellingham Bay Improvement Company incorporates in its motion the motion of J. J. Donovan, since this "would seemingly seek to justify a recovery of damages as in an action at law against this defendant," and that the second amended complaint, as amended by the Donovan amendment, contains legal and equitable causes not separately stated, and further moves to strike from the sixteenth paragraph of the second amended complaint, as scandalous and impertinent, the following: "The said mentioned and described lands are of great value as power sites upon said Nooksack river." And also: "The said described lands, patent to which is sought to be canceled in this cause, are of present value of more than $3,000, to wit, the said lands are of the value of $2,000,000"—and other motions directed at other portions of the second amended complaint, as amended, not necessary to enumerate.

Thos. P. Revelle, U. S. Atty., and John A. Frater, Asst. U. S. Atty., both of Seattle, Wash., and P. W. Williams, Sp. Asst. Atty. Gen.

James B. Howe and Hugh A. Tait, both of Seattle, Wash., for defendants Puget Sound Traction, Light & Power Co. and Whatcom County Ry. & Light Co.

Clinton W. Howard, of Bellingham, Wash., for defendants Bellingham Bay Imp. Co. and Donovan.

NETERER, District Judge (after stating the facts as above). [1] This action is brought in equity. The bill is grounded in equity. The prayer is for equitable relief, and where it is for legal relief must be incidental to the equitable relief asserted. This case can only proceed in equity, and as an election on the part of the plaintiff to have the patent and mesne conveyances set aside and for incidental damages, until it is transferred to the law side (rule 22, new series) and necessary amendments made to convert it into a legal action for damages. Friederichsen v. Renard, 247 U. S. 210, 38 Sup. Ct. 450, 62 L. Ed. 1075;

U. S. v. Oregon Lumber Co., 260 U. S. 290, at page 295, 43 Sup. Ct. 100, 101 (67 L. Ed. 261). The Supreme Court in the last case said:

"Any decisive action by a party, with knowledge of his rights and of the facts, determines his election in the case of inconsistent remedies, and one of the most unequivocal of such determinative acts is the bringing of a suit based upon one or the other of these inconsistent conclusions. * * *"

[2] The plaintiff cannot disaffirm and recover the land, and affirm and recover damages in the same action. The remedies are inconsistent. The rule that, if uncertain as to the specific relief to which he is entitled, the complainant may frame his prayer in the alternative, so that if one kind of relief is denied another may be granted, has no application here. This rule had application in Cooper v. U. S., 220 Fed. 867, 136 C. C. A. 497. The patent was obtained by fraud on the part of Frick. Cooper was a party to the fraud, and subsequently took title from Frick, and sold the land to Heaton, an innocent purchaser on contract, the conditions of which had not been fulfilled, and—

"It was decreed, therefore, in effect, that Cooper pay to the government the amount of such purchase price to be received by him from Heaton, and that it be declared a lien on the land in Heaton's hands."

The motion of the defendant Donovan to dismiss must be granted, as also the motion of the Bellingham Bay Improvement Company, so far as it relates to the Donovan amendments and parts of the sixteenth paragraph of the second amended complaint above set out. An amendment should not be permitted where it changes the nature of the action and the relief sought, and "rarely, if ever, be permitted where it would materially change the very substance of the case made by the bill. * * * Hardin v. Boyd, 113 U. S. 756, 761, 5 Sup. Ct. 771, 773 (28 L. Ed. 1141).

What has been said determines the remedy invoked, and, this being an equitable action, other issues raised by the motions can be disposed of upon the trial without prejudice to any party. Except as herein indicated, the motions are denied.