## CITIES SERVICE OIL CO. v. DUNLAP et al.

### No. 8863.

Circuit Court of Appeals, Fifth Circuit.

Feb. 24, 1939.

For former opinion, see 100 F.2d 294.

Clayton L. Orn and David B. Trammell, both of Fort Worth, Tex., for appellant.

William A. Wade and Angus G. Wynne, both of Longview, Tex., and Cecil N. Cook, of Houston, Tex., for appellees.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

SIBLEY, Circuit Judge.

The motion for rehearing asserts that in the Texas courts the rule is established that on an issue of bona fide purchase for value without notice the burden of proof is upon him who attacks the legal title and asserts the equity, citing White v. Hix, Tex.Civ.App., 104 S.W.2d 136; and the contention is made that under the ruling in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, the State law should have been applied in this court.

■ In 66 C.J., Vendor and Purchaser, § 1063, we find the Texas rule, supported by a multitude of Texas cases, stated as above, but as being exceptional. The rule else-where, also supported by abundant authority, is said to be: "As a general rule the person relying on the defense of a bona fide purchase for value without notice has the burden of proving such defense." The federal courts have held according to this general rule. In Boone v. Chiles, 10 Pet. 177, at page 212, 9 L.Ed. 388, upon an abundance of cited authority, the allegations required to raise the defense are stated in detail, and it is added: "Such is the case which must be stated, to give a defendant the benefit of an answer or plea of an innocent purchase without notice; the case stated must be made out." In Smith v. Orton, 131 U.S.Appendix lxxv, lxxviii, 18 L.Ed. 62, it was said: "The rule which affords protection to a bona fide purchaser without notice, has no application to this case. To bring the defence within it, it must.be averred in the plea or answer and proved, that the conveyance was by deed, and that the vendor was seized of the legal title: that all the purchase money was paid and paid before notice." In Wright-Blodgett Co. v. United States, 236 U.S. 397, 403, 35 S.Ct. 339, 341, 59 L.Ed. 637, after stating that bona fide purchase for value would be a perfect defense, the court continues: "But this is an affirmative defense which the grantee must establish in order to defeat the government's right to the cancellation of the conveyance which fraud alone is shown to have induced." Boone v. Chiles, and Smith v. Orton, and other authorities are cited for the statement. In this court the question was directly ruled in Johnson v. Georgia Loan & Trust Co., 5 Cir., 141 F. 593. A like conclusion was reached in Nickerson, Trustee, v. Meacham, C.C., 14 F. 881; Tobey v. Kilbourne, 9 Cir., 222 F. 760, Ann.Cas.1918C, 470; Meyer v. Ritter, 8 Cir., 268 F. 937; Mercantile Trust Co. v. Chicago, P. & St. L. R. Co., 7 Cir., 123 F. 393, 395. We have found no federal case to the contrary.

■ In the present case the appellant is the original complainant, seeking a decree quieting its title. It has entered a court of equity, asking equity and bound to do equity. The defendants in their answer set up a mistake, correctable in equity, in the partition deed made to complainant's grantor, J. F. Rogers. Complainant replies, denying the alleged mistake and alleging additionally in very general terms that it and its predecessors in title purchased in good faith, paying value for the oil and gas lease it holds in reliance on the

deed as written, and without notice or knowledge of the claim now asserted that the call for the Wiley Davis northeast corner was inserted by mistake. There was no further pleading.

The first contention made is that this averment in complainant's reply, not having been denied, stands admitted. It cannot be sustained. The former Equity Rules control, and provide for no answer to a reply, certainly not unless specially required by the court. If the answer contains a counter-claim, there is to be a reply, but new matter set up in the reply is not to be answered but is to be taken as denied. Equity Rule 31, 28 U.S.C.A. following section 723. Issue stands joined on the new facts alleged by this complainant's reply concerning its purchase for value without knowledge or notice. It seems to us that the burden of proving these facts ought reasonably to rest on the complainant, both because it has alleged them and they are essential to its success, and because they are peculiarly within its knowledge. The oil and gas lease was made to W. P. Chandler on Oct. 20, 1930, for a recited payment of $10.00 and royalties to be paid and other things promised. The very next day Chandler assigned the lease to complainant for a recited payment of $1.00 and other valuable considerations. Chandler's recited payment of $10.00 is a nominal consideration and not value. The recital, moreover, according to the federal cases above referred to, is no evidence at all of payment as against the defendants. The royalties and other things promised were in the future, and could not have become due and have been paid by him before his assignment the next day. What the complainant itself paid, and with what knowledge, it of course knows and could easily prove. There is a failure of evidence, not only as to bona fides and want of notice, but as to what was paid and to whom, and when and how; the details of which the maker of this plea has from the earliest times been held bound to allege and, when put in issue, to prove.

■ This seems to us a matter of practice or procedure and not a matter of substantive law. There is no question as to what are the rights of a bona fide purchaser, or as to whether the facts established make complainant out such, but only a question of how and by whom the facts shall be shown to the court. Such matters are not within the decision in Erie R. Co. v. Tompkins, and the cases following it. At the very time these decisions were made, the Supreme Court was putting forward procedural rules to govern uniformly in the courts of the United States the practice in both law and equity cases, and was extending them even to questions of the admissibility of evidence and the competency of witnesses. Rule of Civil Procedure for District Courts, rule 43, 28 U.S.C.A. following section 723c. The procedure in equity cases has always been governed by a practice uniform over the United States and independent of that in the State courts. This was held proper in federal courts in Louisiana where as in Texas there are no separate courts of equity. Livingston v. Story, 9 Pet. 632, 9 L.Ed. 255; Story v. Livingston, 13 Pet. 359, 10 L.Ed. 200.

We have here not a case where a Texas statute has created the right asserted, or has created a presumption, or is in any manner to be applied as construed in Texas. The question is simply what is the proper practice in courts of equity. The practice followed in the State courts of Texas, where equity courts as such do not exist, is not controlling.

Rehearing denied.