OLMSTEAD *v.* TRACY.

1. DEEDS—QUITCLAIM—ESTOPPEL—EFFECT.
   A quitclaim deed is not the assertion of any particular, or of any, title, and does not of itself operate as an estoppel against either the grantor or grantee as to the nature or extent of the title.

2. TENANCY IN COMMON — MUTUAL RIGHTS AND DUTIES — TAX TITLES.
   Plaintiff, while a minor, together with other grantors, all being tenants in common, executed a quitclaim deed to certain lands, upon which at the time were several outstanding tax titles. The grantee afterwards acquired the tax titles and subsequently conveyed by warranty deed to defendant. Plaintiff, after majority, brought suit in ejectment, claiming that as his deed, executed during minority, was ineffective, the relation of tenancy in common existed between him and his grantee, and that his grantee's purchase of the outstanding titles inured to plaintiff's benefit. *Held*, that defendant was not forbidden to deny plaintiff's contention, the outstanding titles having originated, through no default of plaintiff's grantee or of defendant, at a time when no relation existed between plaintiff and his grantee requiring either, as to the other, to pay the taxes, and the quitclaim deed not having created any such relation.

Error to Tuscola; Beach, J. Submitted April 19, 1906. (Docket No. 101.) Decided July 23, 1906.

Ejectment by Charles D. Olmstead against Francis C. Tracy and others. There was judgment for defendants on a verdict directed by the court, and plaintiff brings error. Affirmed.

*Charles McPherson*, for appellant.

*Quinn & Wixson* and *Frederick Wheat*, for appellees.

HOOKER, J. The trial court directed a verdict for the defendants, and plaintiff has appealed. The action was ejectment. Plaintiff's claim of title rests on a Federal patent to his father and uncle, Hiram and George Olmstead, respectively, and inheritance from the former, who at the time the action was begun was survived by a widow, Martha, and two children, i. e., the plaintiff and his sister. The proof conclusively shows that the land was sold repeatedly for taxes, and deeded by the auditor general, and that such titles were outstanding in various persons at the time that Judson and Wiley, the defendants' grantors, first had their attention directed to the lands. Judson and Wiley purchased most of these tax titles, taking quitclaim deeds from the respective owners, and the defendants' subsequent purchase would be a complete answer to plaintiff's action but for the fact that, before purchasing any of said tax titles, Judson and Wiley took quitclaim deeds from George, Martha, and Katherine Olmstead and the plaintiff. It is shown that the plaintiff was but 12 years old when he executed his deed, and he claims that it did not divest him of title, and that the acceptance by Judson and Wiley of deeds from George, Martha, and Katherine Olmstead made Judson and Wiley tenants in common with the plaintiff, and that therefore the purchase of tax titles by Judson and Wiley inured to plaintiff's benefit under the alleged rule that a tenant in common cannot obtain title against a co-tenant by purchasing tax titles.

There was no tenancy in common, because the Olmsteads had no interest in the lands at the time they gave their quitclaim deeds to Judson and Wiley, which therefore conveyed nothing, and the acceptance of the quitclaim deeds could not make the parties thereto tenants in common, when neither party had or acquired thereby any interest in the lands. Again, the case is within the rule laid down in the case of *Sands* v. *Davis*, 40 Mich. 14. If, as counsel claims, the quitclaim deed from the Olmsteads was void as to the plaintiff, Judson and Wiley

acquired only the interests of his mother and sister, and were under no obligation to protect his interest in common with their own against outstanding titles, which they were at liberty to purchase for their own benefit. See, also, *Blackwood* v. *Van Vleit*, 30 Mich. 118; *Cook* v. *Clinton*, 64 Mich. 313; *Watkins* v. *Green*, 101 Mich. 497; *Fuller* v. *Swensberg*, 106 Mich. 317; *Defreese* v. *Lake*, 109 Mich. 428 (32 L. R. A. 744); *Boynton* v. *Veldman*, 131 Mich. 559; *Brigham* v. *Reau*, 139 Mich. 256. It is unnecessary to discuss other questions.

The judgment is affirmed.

MOORE, J., concurred with HOOKER, J.

OSTRANDER, J. I concur in affirming the judgment. At the time the opinion in *Dubois* v. *Campau*, 24 Mich. 360, was handed down, it was not supposed that this court had before then determined that a tenant in common out of possession could not purchase from a stranger in good faith, and set up against his co-tenants, an outstanding tax title, even if the tax sale was based in part upon his own default, since the point is in that case expressly left undecided. In the case at bar all of the tax titles had accrued and were outstanding at the time when the alleged co-tenancy began. The cases of *Butler* v. *Porter*, 13 Mich. 292, *Sleight* v. *Roe*, 125 Mich. 588, and *McPheeters* v. *Wright*, 124 Ind. 560 (9 L. R. A. 176), cited and relied upon by counsel for appellant, are each of them cases where the tax sales were made during the period of the co-tenancy, for which reason they are not controlling here. The deed in which, in 1883, plaintiff joined, which he now revokes, was a quitclaim deed, not an assertion of any particular, or of any, title. It did not of itself operate as an estoppel against either the grantor or grantee as to the nature or extent of the title. *Sparrow* v. *Kingman*, 1 N. Y. 242, approved in *Sands* v. *Davis*, 40 Mich. 14, 20. Plaintiff's grantee, after acquiring outstanding titles to some or all of the lands for each of the years from 1864 to 1881, excepting for the year 1866, conveyed the land

by warranty deed in 1895, and as to a portion of the lands two other warranty deeds and actual possession thereunder intervene the deed from plaintiff and the beginning of this suit. The outstanding and apparently superior titles having originated through no default of plaintiff's grantee or of defendants, and no relation having existed, when plaintiff's deed was made, between himself and his grantee, which required either, as to the other, to pay the taxes, the quitclaim deed not having created any such relation, and plaintiff's grantee having, after purchase of the outstanding and superior titles, conveyed with covenants of warranty, defendants are not forbidden to assert that the purchase of the tax titles did not inure to the benefit of plaintiff and of the title which he now asserts.

CARPENTER, C. J., and MONTGOMERY, J., concurred with OSTRANDER, J.