## UNITED STATES v. COLLETT.

(Circuit Court of Appeals, Eighth Circuit. March 9, 1908.)

No. 2,610.

1. PUBLIC LANDS—PATENTS—FRAUD—EQUITY JURISDICTION.

The public land belongs to the government, and it may impose such conditions upon its alienation as to it seems best; and when, through fraudulent representations or practices, a patent has been wrongfully secured equity, as long as the title remains in the patentee at least, affords ample redress.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Public Lands, § 332.]

2. SAME—CANCELLATION OF PATENT—EVIDENCE—SUFFICIENCY.

Under the principles that the law deals tenderly with one who in good faith goes upon public lands to make his home thereon, and that proof to set aside a written instrument for fraud must be clear, unequivocal, and convincing, equity will refuse to cancel a homestead patent on the ground of fraud where the patentee was a cripple; had an invalid wife and one child; went upon land shortly after making entry; built a house and barn; cleared land for a garden, and planted a small orchard; undertook to organize a homestead; his wife's illness and his father's illness and death required his occasional absence; the infertility of the soil required him to work elsewhere part of the time to raise money for necessary expenses; after a severe, drought he remained away for a year with the local land officer's consent, hauling freight and doing any other work he could secure to provide a living; when away from home he had others care for his stock and household goods which he left there; he never left home with intent to abandon his entry; though witnesses for the government stated that they had not seen him on his place at certain times; that they did not know of his cultivating the homestead; that he lived at other places during part of the five years' period during which the statute required his residence on the land, and though some of the witnesses gave opinions that he had not resided on and cultivated the homestead for such period.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Public Lands, § 332.]

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

Edwin W. Sims, U. S. Atty., and Wm. G. Whipple, for appellant.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

ADAMS, Circuit Judge. This was a bill in equity brought by the United States to cancel a patent issued to Collett, the defendant, for a quarter section of land in Arkansas. It appears that Collett entered the quarter section as a homestead on October 8, 1897, made final proof of residence and cultivation in March, 1904, and obtained his patent in November, 1904. It is claimed by the government that Collett practiced such a fraud as requires the cancellation of his patent.

The testimony on Collett's part, given by two witnesses, tends strongly to show the following facts: That he was a cripple and had for his family an invalid wife and one child. That he went upon the land in the spring of 1898 soon after making his entry, and commenced making a home for himself and family. That he built a house and barn, cleared

land enough to make a garden, brought to the place a meager outfit of household goods with some live stock, and undertook to organize a humble home there. His wife's illness required much of his time and attention as well as that of a physician who resided at a distance. This, with the dangerous sickness and death of his father, who resided in Missouri, required his occasional departure from home. The small patch of land which he had cleared and the unfertility of its soil imperatively required him to get work elsewhere a part of the time to raise money for his immediate and necessary expenses. A severe drought and the consequent failure of crops in his region drove him from home in the fall of 1900. At that time he left the place with the consent of the local land officer, and remained away with that consent for the period of a year. During this time he hauled freight and did any other kind of work he could secure to make a living for himself and family; and during the full period of five years following the date of his entry he was compelled by his necessities just recited to be frequently away from home. When absent he got his neighbor and brother-in-law to care for his stock and household effects which he left there. Besides building his house and barn, and clearing some of his land for cultivation, he planted a small orchard of apple, peach, pear, plum, and cherry trees. He never left his home for any purpose with the intention of abandoning his entry.

The government called three or four witnesses who testified mainly in a negative way that they had not seen Collett on his place at certain times or in certain years; that they did not know of his cultivating his homestead, and that he lived at other places during part of the five years, and some of them announced their opinions that he had not resided on or cultivated his homestead for the period of five years. On this evidence the learned trial judge found against the contention of the government.

The statute requires residence and cultivation in good faith for a period of five years by an entryman to entitle him to a patent of a homestead. The public land belongs to the government, and it may impose such conditions upon its alienation as to it seems best; and when, through fraudulent representations or practices, a patent has been wrongfully secured from the government equity, as long as the title remains in the patentee at least, affords ample redress. United States v. Bell Telephone Co., 167 U. S. 224, 238, 17 Sup. Ct. 809, 42 L. Ed. 144.

We think the recognition of one or two cardinal principles will satisfactorily show that this case does not warrant the drastic remedy invoked. "The law deals tenderly with one who in good faith goes upon the public lands with a view of making a home thereon." Ard v. Brandon, 156 U. S. 537, 543, 15 Sup. Ct. 406, 39 L. Ed. 524; Northern Pacific Railroad v. Amacker, 175 U. S. 564, 567, 20 Sup. Ct. 236, 237, 44 L. Ed. 274. "The evidence adduced to set aside a written instrument for fraud must be clear, unequivocal, and convincing." Atlantic Delaine Co. v. James, 94 U. S. 207, 24 L. Ed. 112; Mastin v. Noble (C. C. A.) 157 Fed. 506, and cases cited. The learned trial judge found against the government on the issue here presented, and we entirely approve of that action. No fraud is disclosed by any clear,

unequivocal, or convincing proof. A most pathetic, simple, and persistent effort to secure a home under discouraging and distressing circumstances is all that this record clearly discloses. The liberal policy of the law towards honest homestead settlers dictates an affirmance of the decree below, and it is so ordered.