### WEBB v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. April 12, 1913.)

No. 2,419.

PUBLIC LANDS (§ 120*)—PATENT—VACATION—FRAUD.

A mere preponderance of the evidence is insufficient to justify the vacation of a patent to homestead entry for and on account of fraud in the original entry and final proof; but the evidence of fraud must be so clear, unequivocal, and convincing as to necessarily lead to the conclusion that fraud had intervened.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 332–335; Dec. Dig. § 120.*]

Appeal from the District Court of the United States for the Eastern District of Louisiana;. W. I. Grubb, Judge.

. Proceeding by the United States against Mattie L. Webb to cancel a land patent. Judgment for the United States, and defendant appeals. Reversed and remanded, with instructions.

T. M. Miller and James L. Bradford, both of New Orleans, La., for appellant.

Charlton R. Beattie, U. S. Atty., of New Orleans, La.

Before PARDEE and SHELBY, Circuit Judges, and NEWMAN, District Judge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. This is an appeal from a decree forfeiting and canceling a patent for land regularly issued by the United States on a homestead entry, for and on account of fraud in the original entry and final proof. We have read all the evidence, and therefrom conclude that it does not sufficiently sustain the charges of fraud against the appellant.

"We take the general doctrine to be that, when in a court of equity it is proposed to set aside, to annul, or to correct a written instrument for fraud or mistake in the execution of the instrument itself, the testimony on which this is done must be clear, unequivocal, and convincing, and that it cannot be done upon a bare preponderance of evidence, which leaves the issue in doubt. If the proposition, as thus laid down in the cases cited, is sound in regard to the ordinary contracts of private individuals, how much more should it be observed where the attempt is to annul the grants, the patents and other solemn evidences of title emanating from the government of the United States under its official seal. In this class of cases, the respect due to a patent, the presumptions that all the preceding steps required by the law had been observed before its issue, the immense importance and necessity of the stability of titles dependent upon these official instruments, demand that the effort to set them aside, to annul them, or to correct mistakes in them should only be successful when the allegations on which this is attempted are clearly stated and fully sustained by proof. It is not to be admitted that the titles by which so much property in this country and so many rights are held, purporting to emanate from the authoritative action of the officers of the government, and, as in this case, under the seal and signature of the President of the United States himself, shall be dependent upon the hazard of successful resistance to the whims and caprices of every person who chooses to attack them in a court of justice; but it should be well understood that only that class of evidence which commands respect, and that amount of it which produces conviction, shall make such an attempt successful." Maxwell Land-Grant Case, 121 U. S. 381, 382, 7 Sup. Ct. 1029, 30 L. Ed. 949; United States v. Stinson, 197 U. S. 204, 205, 25 Sup. Ct. 426, 49 L. Ed. 724; United States v. Clark, 200 U. S. 601, 608, 26 Sup. Ct. 340, 50 L. Ed. 613.

The decree appealed from is reversed, and the case is remanded, with instructions to dismiss the bill.