## UNITED STATES v. BRANNAN.

### (Circuit Court of Appeals, Fifth Circuit. October 31, 1914.)

### No. 2627.

1. PUBLIC LANDS (§ 120*)—SUIT FOR CANCELLATION OF PATENT—ISSUES AND PROOF.

In a suit by the United States for the cancellation of a patent to land on the ground of fraud, brought against the patentee and subsequent grantees, where the bill alleged facts showing that complainant was entitled to such cancellation as against the patentee, which facts were proved, further allegations that the other defendants purchased with knowledge of the fraud were surplusage, and a failure to prove them did not constitute a material variance; but that one or more of such defendants bought in good faith for value and without notice was an affirmative defense, without allegation and proof of which complainant was entitled to the relief prayed for.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 332–335; Dec. Dig. § 120.*]

2. EVIDENCE (§ 383*)—DOCUMENTARY EVIDENCE—CONCLUSIVENESS.

In such a suit, recital of a consideration in the deed to the last grantee, or in prior deeds, is not proof that such consideration, or any valuable consideration, was paid, to sustain an allegation that he was a bona fide purchaser.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1660–1677; Dec. Dig. § 383.*]

Appeal from the District Court of the United States for the Southern District of Alabama; Harry T. Toulmin, Judge.

Suit in equity by the United States against Lewis I. Brannan and others. Decree for defendant Brannan, and the United States appeals. Reversed.

For opinion below, see United States v. Cowart, 205 Fed. 316.

Alex. D. Pitts, U. S. Atty., of Selma, Ala., and Harry T. Pegues, Asst. U. S. Atty., of Mobile, Ala., for the United States.

Joseph C. Rich and J. Gaillard Hamilton, both of Mobile, Ala., for appellee.

Before WALKER, Circuit Judge, and SHEPPARD and CALL, District Judges.

WALKER, Circuit Judge. [1] The bill in this case sought the cancellation of a patent to land issued to Vicy M. Cowart on the commutation of a homestead entry made by her, and of deeds to the same land made, respectively, by the patentee to one Wilson, and by Wilson to the appellee Brannan. The patentee, Wilson and Brannan were the parties defendant to the bill. The patentee and Wilson made no defense, and decrees pro confesso were entered against them. The answer of Brannan put in issue the allegations of the bill as to the fraud committed by the patentee in procuring the issuance of the patent, and duly averred that both Wilson and Brannan, in acquiring title to the land, were bona fide purchasers for a valuable consideration and with-

out notice of any fraud committed by the patentee in the acquisition of the patent. The counsel for the appellee Brannan do not question, and there is no room for questioning, the sufficiency of the allegations and proof to show a right as against the patentee to have the patent canceled. It clearly appears that the patentee did not reside upon and cultivate the land for a period of 14 months, as required by the statute applicable in such a case, and that the evidence of such residence and cultivation, upon the faith of which the patent was issued, was false. 6 Fed. Stat. Anno. 317 (Comp. St. 1913, § 4589); United States v. Mills, 190 Fed. 513, 111 C. C. A. 345, 42 L. R. A. (N. S.) 752. The contention in behalf of the appellee is that there was a failure to make out the case alleged in the bill, in that the evidence adduced failed to prove the allegations of the bill to the effect that Wilson and Brannan, when the deeds to them respectively were made, knew of the fraud practiced by the patentee in acquiring the patent.

The allegations just mentioned were coupled with others to the effect that neither Wilson nor Brannan was a bona fide purchaser for value without notice of the plaintiff's equity. Plainly the allegations of the bill as to Wilson and Brannan being cognizant of the fraud committed by the patentee were made in anticipation of their defending on the ground that they purchased for value and without knowledge or notice of the facts which rendered the patent voidable, and were intended to serve, in effect, as a reply to such a defense, if it should be made. The other allegations of the bill disclosed a state of facts under which the plaintiff was entitled to a cancellation of the patent as against the patentee and any one claiming under her who did not acquire the title in such circumstances as to be protected against the fraud perpetrated by her in the acquisition of the patent. The averments of the bill distinctly negatived the existence of such a defense. It was only by Brannan's answer that an issue as to his being a bona fide purchaser for value was tendered. As the averments of the bill, other than those as to Wilson and Brannan knowing of the fraud committed by the patentee, disclosed a state of facts under which the plaintiff was entitled to a cancellation of the patent and of all subsequent conveyances of the land embraced in it, the allegations as to Wilson and Brannan knowing of the invalidating fraud committed by the patentee could be stricken from the bill without destroying the plaintiff's right of action. It follows that those allegations were surplusage. A failure to prove them did not constitute such a variance as was entitled to be given the effect of depriving the plaintiff of the right to the relief sought. Surplusage need not be proved. Immaterial variances between the allegations and the proof may be disregarded. The allegations as to Wilson and Brannan knowing of the fraud committed by the patentee were not descriptive of that which was set up as the ground for canceling the patent and the conveyances subsequent to it, and, in the absence of proof that either Wilson or Brannan was a bona fide purchaser for value, it was not incumbent upon the plaintiff to sustain those allegations by proof. Washington & Georgetown R. Co. v. Hickey, 166 U. S. 521, 17 Sup. Ct. 661, 41 L. Ed. 1101; Prestwood

v. McGowan, 148 Ala. 475, 41 South. 779; Greenleaf on Evidence (15th Ed.) § 51; 16 Cyc. 405.

[2] The appellee Brannan, by his answer, denied the material allegations of the bill, and as a further defense set up that he was a bona fide purchaser for value without notice. As stated above, the material averments of the bill were clearly proved. The result was to entitle the plaintiff to have the relief prayed, unless the affirmative defense pleaded was established by evidence. This the appellee Brannan wholly failed to do. To be entitled to protection as a bona fide purchaser, he must have bought in good faith and paid value. United States v. Des Moines, etc., Co., 142 U. S. 510, 530, 12 Sup. Ct. 308, 35 L. Ed. 1099. The burden was upon him to make satisfactory proof of purchase and payment. The recital in the deed to him did not constitute such proof. Lakin v. Sierra Buttes Gold Min. Co. (C. C.) 25 Fed. 337, 341; United States v. Hill (Sept. 28, 1914, U. S. D. C. Colo.) 217 Fed. 841; United States v. Cooper (Jan. 20, 1914, U. S. D. C. Mont.) 217 Fed. 846; Hodges v. Winston, 94 Ala. 576, 10 South. 535; United States v. Stinson, 197 U. S. 200, 25 Sup. Ct. 426, 49 L. Ed. 724; Boone v. Chiles, 10 Pet. 177, 211, 9 L. Ed. 388; 39 Cyc. 1780. There was no evidence that either the patentee's deed to Wilson or Wilson's deed to Brannan was supported by any valuable consideration. The result of the absence of such evidence was that the affirmative defense pleaded was wholly unsupported. The evidence adduced having clearly made out the case stated in the bill, and no defense set up having been supported by evidence, the plaintiff was entitled to a decree canceling the patent and vacating the subsequent conveyances of the land embraced in it.

In support of the contention that it was incumbent upon the plaintiff in the first instance to prove the averments of the bill as to Wilson and Brannan having, at the times the conveyances were made to them, respectively, knowledge of the fraud committed by the patentee, the counsel for the appellee Brannan refer us to the ruling made in the case of United States v. Clark, 200 U. S. 601, 26 Sup. Ct. 340, 50 L. Ed. 613. There is nothing in the opinion rendered in that case to indicate that proof of allegations so made is essential as to a defendant who sets up the defense that he was a bona fide purchaser for value, but who fails to prove a payment of value, or that the burden of proving that essential element of the defense mentioned can be regarded as assumed by a plaintiff whose bill distinctly negatives the existence of such a defense. For reasons above indicated, the averments of the bill as to the subsequent grantees having knowledge of the fraud committed by the patentee did not constitute a material feature of the case alleged, and the case was made out, whether those redundant allegations were or were not proved by the evidence adduced.

The decree of the District Court is reversed, and the case is remanded for further proceedings in conformity with the conclusions above stated.