## UNITED STATES v. CANNON et al.

(Circuit Court of Appeals, Ninth Circuit. August 6, 1917.)

PUBLIC LANDS ☞120—SUIT FOR CANCELLATION OF PATENT—PROOF OF FRAUD.
  A finding of the trial court on conflicting evidence, on the trial of a suit for the cancellation of a homestead patent, that the evidence did not support the allegations of fraud, affirmed.

Appeal from the District Court of the United States for the District of Montana; Geo. M. Bourquin, Judge.

Suit in equity by the United States against Harry Cannon and Walter D. Storey. Decree for defendants, and complainant appeals. Affirmed.

Burton K. Wheeler, U. S. Atty., of Butte, Mont., Homer G. Murphy, Asst. U. S. Atty., of Helena, Mont., and James H. Baldwin, Asst. U. S. Atty., of Butte, Mont., for the United States.

C. L. Harris and Johnston & Coleman, all of Billings, Mont., for appellees.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The United States brought suit against the appellees to cancel a patent issued to the appellee Cannon on June 26, 1911, for a homestead entry made by Cannon on May 1, 1909, on land which thereafter, on August 5, 1912, Cannon conveyed to the appellee Storey. The complaint alleged that Cannon obtained the patent by fraudulent representations made in his final proofs as to his residence on the land and his cultivation thereof, and that Storey purchased with full knowledge of the fraud. The court below, upon the conflicting evidence, found for the appellees, and dismissed the complaint.

The appellant contends that the court erred in finding that the evidence was insufficient to sustain the allegations of the complaint. We have carefully examined the testimony, which was all taken in open court, and we think the case is clearly one for the application of the rule that the findings of fact of a court of equity will not be disturbed or modified by an appellate court unless an obvious error has intervened in the application of the law, or grave mistake has been made in the consideration of the facts. The contention of the appellant rests upon certain suspicious circumstances in the case, and the negative testimony of witnesses who at intervals traveled across the premises so occupied as a homestead, between May, 1909, and January, 1911, and did not see the homestead claimant occupying the same nor discover evidences of his occupation other than the fact that some of the land had been cultivated. The suspicious circumstances relied upon are that prior to 1909 Cannon had been in Storey's employment; that prior to that year Storey had made a homestead entry on the same tract of land; that when Storey relinquished his homestead claim on May 1, 1909, he and Cannon went to the land office on the same train, and immediately after Storey's relinquishment Cannon filed his homestead entry; that during the time between entry and patent, Cannon was engaged in training horses on the premises of Storey, about a mile and a half from the homestead, and for that purpose rented stable room from Storey, for which he paid by the day, and a part of the time boarded at Storey's, for which he paid by the week; that the cultivation of the land was done by Storey, who furnished teams and seed for that purpose on an agreement whereby he was to receive the whole of the crop; that 16 months after making his final proof, Cannon, in consideration of $1,000, conveyed the lands to Storey. All these facts are reconcilable with the theory that the appellees acted in good faith. It was shown, and it was not contradicted, that after final proof Cannon made substantial improvements on the place and resided there for more than a year, and there was evidence, which the court below credited, that Cannon, prior to the final proof, continuously resided upon the land, although he was not continuously present thereon, and there

was evidence tending to show that the improvements and cultivation of the homestead after entry and before final proof were not substantially misrepresented to the officers of the land office.

The decree is affirmed.