UNITED STATES v. GRAND CANYON CATTLE CO.

(Circuit Court of Appeals, Ninth Circuit.   January 7, 1918.)

No. 2894.

1. MINES AND MINERALS ⬅45—FRAUDULENT PATENTS—DEFENSES.
    In a suit by the United States to set aside patents to mining claims on the ground that they were fraudulently obtained, the defense of bona fide purchaser is an affirmative one which must be alleged and proved.

2. APPEAL AND ERROR ⬅194(1)—PLEADING—DEFECTS—WAIVER.
    In a suit by the United States to set aside patents to mining claims which with other lands had been conveyed to defendant, on the ground that they were obtained by fraud, the failure of defendant's answer which relied on the defense of bona fide purchase to comply with the rule that the consideration must be stated with a distinct averment that it was bona fide and truly paid cannot for the first time be raised on appeal, no demurrer or other objection having been made to the answer below, and the evidence showing payment of the consideration having been received without objection.

3. MINES AND MINERALS ⬅45—BONA FIDE PURCHASERS—PRESUMPTIONS.
    Where plaintiff purchased a cattle ranch which included mining claims that had been abandoned for mining purposes, for a gross sum, and there was no evidence tending to show that the parties agreed on any set price for any particular tract, it must, in a suit by the government to set aside the mineral patents, where plaintiff claimed as a bona fide purchaser, be presumed that such portion of the gross consideration was paid for the property covered by the mining claims as their actual value bore to the whole of the lands.

4. MINES AND MINERALS ⬅45—PATENTS—BONA FIDE PURCHASERS.
    A purchaser of a ranch which included land patented as mineral land is entitled to rely to some extent upon the action of the Land Department which by its issuance of patents determined that the land was mineral in character, and that the patentee complied with the law, and hence, in a suit by the government to set aside the patents on account of the patentee's fraud, the purchaser cannot be denied protection as a bona fide

purchaser for value because he knew that a portion of the property had been patented as mineral land, and was not being worked; for it is a matter of common knowledge that mining claims located in good faith and patented as such often prove unprofitable and are not worked because of the low grade of the ore, etc.

Appeal from the District Court of the United States for the District of Arizona; Wm. H. Sawtelle, Judge.

Suit by the United States against the Grand Canyon Cattle Company, a corporation. From a decree for defendants, complainant appeals. Affirmed.

Thomas A. Flynn, U. S. Atty., of Phœnix, Ariz., and S. W. Williams, Sp. Asst. Atty. Gen., of Washington, D. C., for the United States.

O'Melveny, Millikin & Tuller, and Henry J. Stevens, all of Los Angeles, Cal., for appellee.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. The United States brought a suit against the appellee to set aside patents to certain mining claims. In the bill it was alleged that under the mining laws of the United States one Saunders located certain lode claims and mill sites, representing to the officers of the Land Office that said claims contained gold and silver, and that the mill site was used and occupied by him for mining purposes, for the storing of ore, and for milling purposes, that those representations were false, and the lands so located are not mineral lands and contain no valuable mineral, and that in fact they were not located for mining purposes, but for the purpose of obtaining exclusive possession and use of certain springs of water existing thereon, and it was alleged that Saunders had conveyed said lands to the appellee. The court below found from the evidence that Saunders acquired patents to the mining claims by fraud, but that the evidence was insufficient to prove that the appellee, at the time of purchasing said property and paying the consideration therefor, had actual notice, or any notice, of the alleged fraud or illegal methods of Saunders, or facts sufficient to put it upon inquiry, and that the defense of bona fide purchaser for value without notice was fully met and proved.

[1, 2] The appellant assigns error to these findings, and contends, first, that the defense of bona fide purchaser was not sufficiently alleged in the appellee's answer. The answer alleged that the appellee purchased the land for a valuable consideration in good faith, without notice or knowledge of any improper means by which the title had been obtained by Saunders, and that it took title thereto relying upon the record of the patents from the United States to Saunders, and not otherwise. It is true, as it is contended by the appellant, that the defense of bona fide purchaser is an affirmative defense which must be alleged and proved. (Wright-Blodgett Co. v. United States, 236 U. S. 397, 35 Sup. Ct. 339, 59 L. Ed. 637; Boone v. Chiles, 10 Pet. 177, 9 L. Ed. 388; Cooper v. United States, 220 Fed. 871, 136 C. C. A. 501; United States v. Brannan, 217 Fed. 849, 133 C. C. A. 559; Northern

Colorado Coal Co. v. United States, 234 Fed. 34, 148 C. C. A. 50), and that the answer fails to comply with the rule stated in Boone v. Chiles that the consideration must be stated, with the distinct averment that it was bona fide and truly paid. But, in view of the fact that there was no demurrer or other objection taken to the defense as it was pleaded, and that testimony was admitted without objection which showed that the mining claims were part and parcel of a group of tracts of land which were used as a cattle ranch, and that the consideration for the whole thereof was a sum in gross and was actually paid, we are of the opinion that the objection to the form in which the defense was pleaded, now being made for the first time, cannot avail in an appellate court.

[3] But it is urged that the appellee failed to show what consideration it paid for the particular lands which are in controversy here. The evidence is sufficient to indicate, and it must be assumed, that for those mining claims such proportion of the gross consideration was paid as their actual value bore to the value of the whole group of lands, there having been no negotiations between the parties to indicate that at any time a price had been set or agreed upon for any particular parcel or tract.

[4] The question remains whether the defense of bona fide purchase was established by the evidence. The evidence consists of the testimony of Marshall, who made the purchase from Saunders, and who subsequently became president of the appellee. His testimony is that in making the purchase his purpose was to acquire a cattle ranch with the stock and personal property thereon situate. He knew that a portion of the land had been patented to Saunders as mineral land. He made no inquiry as to the mineral character of the patented land, or its value for mining purposes. Saunders told him that there was water on the patented mining claims. Before purchasing he inquired of his attorney whether a patent under a mining claim was to be regarded in the same light as a patent under other land laws, and he was told that it was. He was not a mining man, and had never been engaged in mining. He testified that on the occasions when he went over the cattle ranch to look at the lands he did not visit any of the mining claims, except that on two occasions he was on the Jacobs lode claim, and that as a result of his two visits to the property he got no impression at all of the patented mining claims as to their mineral features. "My examination of those lands was not with any reference to mineral. There was no statement made to me by anybody with respect to their mineral character, or with respect to their development." Witnesses for the appellant testified that at the Jacobs claim there was copper-stained rock on the dump and scattered about on the claim, and one witness testified that it was possible that the copper-stained rock came out of the cut in the Jacobs lode. The appellant introduced assay certificates of samples from the Jacobs lode which showed traces of copper. A short distance from the Jacobs claim there was a copper mine which had been worked to some extent, and the rock on that claim resembled the rock which was seen on the Jacobs claim. It is common knowledge that claims have been located in good faith as mining claims

and have gone to patent, and the ore has subsequently been found of such low grade, or so refractory, or so inaccessible, as not to justify development. The fact that the purchaser of such claims, who buys them with other lands as a part of a large cattle ranch, knows that the claims have been patented as mining claims and sees no mining operations carried on thereupon is not sufficient, we think, to put him upon notice to make further investigation to discover whether or not the patents had been fraudulently obtained. He is entitled to rely to some extent upon the action of the Land Department, which, by its issuance of patents, has determined that the land is mineral land, and that the patentee has complied with the law. United States v. California, etc., Land Co., 148 U. S. 31, 45, 13 Sup. Ct. 458, 37 L. Ed. 354. We find no error in the conclusion of the court below that the defense of bona fide purchase was proven.

The decree is affirmed.