## UNITED STATES v. BENNETT et al.

(Circuit Court of Appeals, Eighth Circuit. December 28, 1923.)

### No. 6147.

**1. Public lands ⊕120—Proof of fraud invalidating entry must be clear.**

Proof of fraud in a suit to cancel a patent must be clear, and such as produces conviction.

**2. Public lands ⊕35(3)—Residence may be established though wife does not reside on land.**

The fact that the wife of a homestead entryman does not reside on the land does not prevent the husband from establishing and maintaining the requisite residence, but that fact goes to the bona fides of the husband.

**3. Public lands ⊕35(3)—Temporary absences do not vitiate residence.**

Temporary absences do not vitiate the residence on a homestead claim if satisfactorily explained.

**4. Public lands ⊕35(3)—Good faith and present intention of establishing home essential to homestead entry.**

There must be good faith on the part of a homesteader to establish a home for himself and family upon the land and a present intention of establishing a home there to the exclusion of one elsewhere.

**5. Public lands ⊕35(3)—Maintaining family residence elsewhere invalidates homestead entry.**

The mere personal presence of a husband on land he has entered as a homestead does not meet the requirements of the law where he maintains a family residence elsewhere, at least in the absence of explanatory circumstances.

**6. Public lands ⊕35(3)—Patent to homestead held acquired by fraud.**

A man residing with his family on a ranch owned by his wife made a homestead entry on a quarter section of land near by, and made some improvements thereon, but during the time of the required residence maintained his family home on the ranch, and never established one on the homestead. *Held,* that the entry was fraudulent, and the patent issued thereon subject to cancellation at suit of the United States.

**7. Public lands ⊕35(3)—Cultivation and improvements cannot take place of residence on homestead.**

Cultivation and improvements, even beyond the requirements of the law, cannot be considered in lieu of actual bona fide residence on a homestead claim.

**8. Public lands ⊕138—Defense of bona fide purchaser affirmative.**

In a suit to cancel a patent for fraud, the defense of bona fide purchaser is an affirmative defense, and must not only be specifically pleaded, but proved by affirmative evidence.

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**9. Public lands ⊂⊃138—Deed held insufficient proof of bona fide purchase.**

    Neither the execution of a warranty deed to a homestead fraudulently acquired by the patentee and his wife, nor the recital therein of a consideration of $1 paid, is sufficient to establish that the grantee was a bona fide purchaser for value.

**10. Public lands ⊂⊃138—Grantee of homestead fraudulently acquired held not bona fide purchaser.**

    The son of a homestead patentee, to whom the land was subsequently conveyed as a gift and who was at home during a part of the time it was being acquired, and knew that the family did not reside on the land, *held* chargeable with notice that it was fraudulently acquired.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Suit in equity by the United States against Cyrus L. Bennett and others. Decree for defendants, and the United States appeals. Reversed.

Alton H. Skinner, Asst. U. S. Atty., of Kansas City, Kan. (Al. F. Williams, U. S. Atty., and Frank H. McFarland, Asst. U. S. Atty., both of Topeka, Kan., on the brief), for the United States.

Samuel Yaggy, of Syracuse, Kan., for appellees.

Before SANBORN, Circuit Judge, and BOOTH and FARIS, District Judges.

BOOTH, District Judge. This is a suit by the United States to cancel a homestead patent on the ground of fraud. The complaint alleges that the final proof as to actual and continuous residence on the land was false and fraudulent, and known by the defendant Cyrus L. Bennett so to be, and that the officials relied upon the same, and were deceived thereby. The complaint further alleges that the defendant Roland M. Bennett asserts an interest in the land by reason of a warranty deed, dated December 9, 1918, executed to him by Cyrus L. Bennett and wife. Defendants Bennett and wife, in their separate answer, deny the fraud alleged, and allege title in Roland M. Bennett. Defendant Roland M. Bennett by separate answer alleges that in December, 1918, he purchased the land from Cyrus L. Bennett and wife, and that he purchased the land in good faith, and for a valuable consideration, and has ever since been in the exclusive, quiet, and peaceful possession of the same; that at the time of said purchase and conveyance of said land he had no knowledge or notice of any of the matters and things alleged in the petition as affecting the title to the land.

Two questions were thus raised by the pleadings:

(1) Whether defendant Cyrus L. Bennett was guilty of the fraud alleged in the complaint.

(2) Whether defendant Roland M. Bennett was a bona fide purchaser for value.

The court below, without passing specifically on the first question, answered the second in the affirmative, and dismissed the bill for want of equity. Upon this appeal the same two questions are presented for determination.

---

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

1. Application for entry under section 2289, Revised Statutes (Comp. St. § 4530), was filed by defendant Cyrus L. Bennett in February, 1909. Final five-year proof was filed by him in May and July, 1916. Section 2291 of the Revised Statutes (Comp. Stats. § 4532) as it read at the time this entry was made required that the entryman, before the issuance of the patent, should prove that he had a habitable home upon the land and had actually resided upon and cultivated the same for the term of five (afterward changed to three) years succeeding the time of filing the affidavit. Such proof must be made by the entryman and by two credible witnesses. Residence must begin within six months after the date of entry. Section 2297, R. S. (section 4552, Comp. Stats.) In making affidavit at the time of entry, Cyrus L. Bennett swore that he was making application to enter in good faith, to obtain a home for himself. In making the final proof, in 1916, questions were answered by him as follows:

"Q. Have either you or your family ever been absent from the homestead since establishing residence? A. I have never been absent, but members of my family have.

"Q. If there has been such absence, give the dates covered by each absence; and as to each absence state whether you, your family, or both, were thus absent, and the reason for such absences. A. My family came and went as they pleased, and the children have been away to school, sometimes for as much as three years at a time."

One of the witnesses answered, among other questions, the following:

"Q. Have entryman and family resided continuously on the homestead since thus establishing residence thereon? A. Mr. Bennett has claimed it as his residence all the time.

"Q. If there have been any such absences, give the dates covered by such absences, stating who was absent, and for what reason. A. ————."

And another witness, in answering the last of the preceding questions, answered:

"The members of the family have never resided on the claim very much and the children have been away to school most of the time."

On this state of the proof the decision upon Bennett's right to a homestead was suspended by the register and receiver of the Land Office, on the ground that the testimony was unsatisfactory in reference to residence. Thereupon the same two witnesses who had already answered the preceding questions, and a third witness, signed an affidavit which contained the following:

"Said claimant [Bennett] first established actual residence on the land on or about August 3, 1909, and has continued to reside thereon to the present time, and still maintains his residence there, and has never been absent for a period of more than three weeks at any time since establishing residence there, said absences being on business trips about four or five times each year during the first three years of his residence on the claim and since that time he has not been away more than two times each year."

The patent was issued October 9, 1916, and about two years thereafter the entryman conveyed the land to his son as a gift.

The evidence taken at the trial shows that at the time of making the affidavit of entry Cyrus L. Bennett was married, and had three

children, of ages between 8 and 18. The family was well-to-do, and lived upon a ranch owned by the wife, about one-half mile distant from the land selected as a homestead. The ranch consisted of 160 acres, and other land amounting to at least 160 acres was also rented in connection therewith. Either Bennett or his wife owned 40 to 70 cattle and a number of horses. Cyrus L. Bennett managed the ranch, and in addition thereto engaged in the real estate business, and the latter business was of considerable amount. In July or August, 1909, he moved a house upon the land in question, built a small stable, placed a few articles of furniture in the house, fenced a portion of the land, and cultivated 40 to 60 acres each year for the succeeding five years. He spent a portion of his time upon the land and the remaining portion at the ranch with his family. His family never moved to the homestead. His wife was seen there at very infrequent intervals. One or more of the children were away at school a portion of the time, but when at home lived at the ranch. Horses and cattle were kept at the ranch, except that they were allowed to graze and water at the homestead. No personal property in the way of agricultural implements was kept at the homestead. One of the witnesses who testified to the foregoing facts was thoroughly conversant with the situation. He had worked on the homestead for Bennett several times during the years in which residence is claimed. There is no suggestion of a separation of the husband and wife, and no reason given on the record why the wife and the family did not live at the homestead. Neither Mr. Bennett nor his wife nor his son testified at the trial.

On this state of the record the court below made the following comment:

"It cannot be doubted but that there was in this case, as in many others, to say the least, a very lax compliance by the patentee with the requirement of 'the homestead laws of our country, and it would be no hardship on the patentee to strike down the patent as punishment to him and as a warning to others, although the Land Department of the government, after such investigation of the matter as is by law required, approved the transfer made by the patent at the time it was made."

In our judgment the evidence required an express finding of fraud.

[1-5] The principles governing cases of this kind are well established. Proof of fraud in a suit to cancel a patent must be clear and such as produces conviction. Wright-Blodgett Co. v. U. S., 236 U. S. 397, 403, 35 Sup. Ct. 339, 59 L. Ed. 637; Diamond Coal Co. v. U. S., 233 U. S. 236, 34 Sup. Ct. 507, 58 L. Ed. 936; U. S. v. Mahaffey, 235 Fed. 704, 149 C. C. A. 124; U. S. v. Collett, 159 Fed. 932; 87 C. C. A. 460; Webb v. U. S., 204 Fed. 78, 122 C. C. A. 392; U. S. v. Peterson, 220 Fed. 605, 136 C. C. A. 63; U. S. v. Delatour (C. C. A.) 275 Fed. 137; U. S. v. Medland (C. C. A.) 281 Fed. 649; U. S. v. Paiz (C. C. A. 8th Cir. Oct. 22, 1923) 293 Fed. 755. Suspicious circumstances are not sufficient. U. S. v. Cannon, 244 Fed. 750, 157 C. C. A. 198. The fact that the wife does not reside upon the land does not prevent the husband from establishing and maintaining the requisite residence, but that fact goes to the bona fides of the husband. Munson v. Cushing, 21 Dec. Dept. Interior, Public Lands, 113; Scott v. Carpenter, 17 Dec. Dept. Interior, Public Lands, 337. Tem-

porary absences do not vitiate the residence, if properly explained. But, on the other hand, there must be good faith on the part of the homesteader to establish a home for himself and family upon the land. There must be a present intention of establishing a home there to the exclusion of one elsewhere. U. S. v. Murphy (C. C.) 193 Fed. 802; Puette v. Greer, 33 Dec. Dept. Interior, Public Lands, 417; Brandon v. Tuller, 28 Dec. Dept. Interior, Public Lands, 485. And the mere personal presence of the husband on the land does not meet the requirements of the law, where he maintains a family residence elsewhere, at least in the absence of explanatory circumstances. Benjamin Chainey, 42 Dec. Dept. Interior, Public Lands, 510.

"The law deals tenderly with one who, in good faith, goes upon the public lands, with a view of making a home thereon." Ard v. Brandon, 156 U. S. 537, 543, 15 Sup. Ct. 406, 409 (39 L. Ed. 524); N. P. R. R. v. Amacker, 175 U. S. 564, 567, 20 Sup. Ct. 236, 237 (44 L. Ed. 274); U. S. v. Collett, 159 Fed. 932, 87 C. C. A. 460.

[6, 7] But a careful consideration of the record has forced us to the conclusion that this is not a case of a person endeavoring in good faith to establish a home for himself and family, but an attempt on the part of the entryman to acquire land under the homestead law by compliance with some of the requirements of that law, while in fact maintaining a family residence elsewhere, and at no time having an intention to move the family upon the homestead sought to be acquired. Cultivation and improvements even beyond the requirements of the law cannot be considered in lieu of actual bona fide residence.

It is to be noted that the trial judge made no specific finding on the question of fraud by the entryman, and it is a significant fact that neither the entryman nor his wife nor any member of his family appeared and gave evidence at the trial.

In our opinion the government established its case by evidence which produces conviction, and the patent should be canceled for fraud.

[8] 2. As has been stated, defendant Roland M. Bennett by his separate answer attempted to set up the defense of bona fide purchaser. It is very doubtful whether the answer as a pleading is sufficient for that purpose within the rules laid down in Boone v. Chiles, 10 Pet. 177, 9 L. Ed. 388. But, since no attack is made upon the answer, we pass it by. The defense of a bona fide purchaser is, however, an affirmative defense, and it must be not only pleaded specifically, but proved by affirmative evidence. U. S. v. Poland, 251 U. S. 221, 227, 40 Sup. Ct. 127, 64 L. Ed. 236; Wright-Blodgett Co. v. U. S., supra; Krueger v. U. S., 246 U. S. 69, 38 Sup. Ct. 262, 62 L. Ed. 542; U. S. v. Krueger, 228 Fed. 97, 142 C. C. A. 503; Cooper v. U. S., 220 Fed. 871, 136 C. C. A. 501; Stonebraker Co. v. U. S., 220 Fed. 99, 135 C. C. A. 96; U. S. v. Brannan, 217 Fed. 849, 133 C. C. A. 559.

[9] In the case at bar no evidence whatever was introduced on behalf of the alleged purchaser. It is stated in the complaint, and it appears by stipulation, that a warranty deed was given by defendants Cyrus L. Bennett and wife to the son, Roland M. Bennett. But this of itself is not sufficient proof to establish the status of bona fide purchaser for value. The recital of consideration of $1 in the deed is

not proof of such consideration or of any valuable consideration. Wright-Blodgett Co. v. U. S., supra; U. S. v. Brannan, supra; Cooper v. U. S., supra; U. S. v. Norris, 222 Fed. 14, 137 C. C. A. 552.

[10] It is conceded by counsel for defendants that the conveyance to Roland M. Bennett was "more of a gift than a sale." Furthermore, in view of the facts, that the grantee in the deed from Cyrus L. Bennett and wife was their son, that he was a member of the family, and at home during part of the time when it is claimed a homestead was being established by residence upon the land, that he worked on the homestead, and must have known that the family residence was at the ranch and not at the homestead, it must be held that he had notice that the homestead had not been acquired in good faith and in compliance with the law. Even facts sufficient to put a reasonable person upon inquiry will prevent one from being a good-faith purchaser for value if by following up the inquiry the fraud would have been discovered. Krueger v. U. S., 246 U. S. 69, 38 Sup. Ct. 262, 62 L. Ed. 582; Stonebraker v. U. S., 220 Fed. 99, 135 C. C. A. 96; U. S. v. Murphy (C. C.) 193 Fed. 802.

The decree is reversed, with instructions to enter decree in favor of plaintiff.