## CHILDS et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. March 6, 1925. Rehearing Denied April 4, 1925.)

No. 4470.

**1. Appeal and error �köç719(1)—Matters not assigned as error not considered.**

Matters not assigned as error cannot be considered.

**2. Appeal and error �köç673(2)—Defenses not considered on appeal, in absence of pleading and evidence on issues.**

Defenses of innocent purchaser and bar of laches cannot be considered on appeal, where record does not contain either pleading or evidence on such issues.

**3. Public lands �köç103(1)—Finding of Commissioner of Land Office in favor of settler as against patentee not conclusive as to patentee's grantee.**

Finding of Commissioner of Land Office in favor of possession and consequent right of actual settler as against patentee, though conclusive as between patentee and settler, was not conclusive as to patentee's grantee, to whom patentee conveyed land before Commissioner made finding, and who was given no notice of the proceeding.

**4. Public lands �köç109—Successors of patentee's grantee, to whom patentee conveyed land prior to award by Land Office to actual settler as against patentee, had burden of proving award without foundation and validity of patent against actual settler's claim.**

In action involving question as to title between heirs of actual settler, to whom Commissioner of Land Office awarded land as against patentee subsequent to patentee's conveyance of land to the third party and third party's successors in interest, the successors in interest to sustain claim were required to prove that award in favor of actual settler was without foundation, and that the lands were in fact validity patented against actual settler's claim.

**5. Estoppel ⊙ç77—Transactions as to particular forty acres held not to create estoppel in pais as to remainder of section.**

Deed from patentee's grantee to actual settler and his heirs to a particular forty out of a quarter section, and subsequent acceptance of lease by settler from grantee of a particular forty out of a quarter section, did not create estoppel in pais, precluding settler's heirs from claiming remainder of quarter section, as against grantee's successors in title.

**6. Estoppel ⊙ç45—Deed of retrocession from actual settler to patentee's grantee estopped settler's heirs from claiming any interest which settler might have had or claimed at time of conveyance.**

Deed of retrocession from actual settler to patentee's grantee, who had previously conveyed land to settler, though not shown to contain covenants of general warranty, estopped settler's heirs from claiming any right, title, or interest which settler might have had or claimed at time of conveyance, whether title was complete or partly inchoate.

**7. Estoppel ⊙ç35—Estoppel by deed as to after-acquired title springs out of doctrine of warranty.**

Estoppel by deed as to after-acquired title springs wholly out of the doctrine of warranty.

**8. Estoppel ⊙ç45—Deed of retrocession from settler's son to patentee's grantee construed as warranty deed, so as to effect estoppel against son from asserting after-acquired title as settler's heir.**

Deed of retrocession from son of actual settler to patentee's grantee, to whom grantee had previously conveyed land by warranty deed, though not shown to contain covenants of general warranty, should be construed as a transaction under covenants of warranty, so as to effect an estoppel against son from asserting after-acquired title as settler's heir.

Appeal from the District Court of the United States for the Western District of Louisiana; Rufus E. Foster, Judge.

Suit by the United States against William Childs and others. Judgment for the United States and defendants appeal. Affirmed as modified.

Philip S. Pugh, of Crowley, La., for appellants.

Robert A. Hunter, Sp. Asst. Atty. Gen., for the United States.

Before WALKER and BRYAN, Circuit Judges, and HUTCHESON, District Judge.

HUTCHESON, District Judge. This is one of a series of cases appealed from the District Court of the United States for the Western District of Louisiana, involving title to lands included in patents issued by the United States to the New Orleans Pacific

Railway Company as assignee, and, except where its particular facts differentiate, is governed by the same general considerations which controlled and directed the decisions of the Edenborn Cases, 5 F.(2d) 814, appealed at the same time, and just decided.

This case involves the southeast quarter of section 11, township 7, range 2 east, and in addition to the general claim that the appellee did not show right in Dupreville Bergeron and his heirs, in whose interest the government is prosecuting suit, to claim the lands as an actual settler against appellants, error was also assigned that the court erred in overlooking the fact that by deeds and leases in the record, which will be hereafter noted, an estoppel had arisen.

[1, 2] In the argument before this court appellants urged both the defense of innocent purchaser and the bar of laches. Neither of these matters are assigned as error, and they cannot be considered here; but in addition they are both matters of pleading and proof. Boone v. Chiles, 10 Pet. 177, 9 L. Ed. 388; United States v. Brannan, 217 F. 849, 133 C. C. A. 559; Wright-Blodgett v. United States, 236 U. S. 397, 35 S. Ct. 339, 59 L. Ed. 637. And the record is without either pleading or evidence on these issues.

[3] Reserving the issue of estoppel for later treatment, and turning first to the general contention as to the patentable character of the land in suit against the claim of actual settlement, we agree with the contention of appellants that, in view of the fact that the land was sold by the railroad company, their predecessor in title to whom the land had been patented, prior to the finding of the Land Office in favor of Bergeron, the finding of the Commissioner in favor of the possession and consequent right of Bergeron to the lands involved is not conclusive against appellants (Guaranty Savings Bank v. Bladow, 176 U. S. 454, 20 S. Ct. 425, 44 L. Ed. 540), for the act of the Commissioner of the Land Office, though conclusive as between the railroad company and Bergeron, would not be conclusive upon the grantee of the railroad; the hearing being had without notice to such grantee, and with no opportunity on his part to be heard.

[4] This concession, however, would merely permit appellants to show, if they can, that the award of the Land Office in favor of Bergeron was without foundation, and that the lands were in fact validly patented against Bergeron's claim. This they have failed to do, and we concur in the finding of the Land Office, and of the District Judge, that "the tract of land in question was oc-

5 F.(2d)—52

cupied by an actual settler at the date of the definite location of the railroad, and was claimed by Bergeron as the assignee of such settler, and that his claim thereto as such settler is entitled to be protected against the patent, and therefore against appellant holding thereunder."

Appellants insist strenuously that an equitable estoppel has arisen against the heirs of Bergeron, the original settler, out of the following facts: That after the claim of Bergeron had in 1889 been decided against him, and after the land had been patented in 1891, and the title passed under the patent to Duson, and before the Land Office had, on reconsideration of Bergeron's claim, made the award to him, C. C. Duson, holding under the railroad company, executed to Dupreville Bergeron under date of August, 1891, a warranty deed to the southeast quarter of the southeast quarter of section 11, and to Oneil Bergeron, a son of Dupreville Bergeron, and one of the claimants in whose right the United States has recovered in this suit, a warranty deed to the northwest quarter of the southeast quarter of this section. That on March 7, 1893, Dupreville Bergeron, and on May 12, 1903, Oneil Bergeron, executed each a deed of retrocession to Duson of the respective 40's conveyed to him.

[5] It was argued that these acts of recognition by Dupreville Bergeron of the title of Duson were so inconsistent with his claim as an actual settler that out of it arises an equitable estoppel against his claim as a settler, not only to the particular 40 conveyed, but to the whole section, and that the same character of estoppel arises out of the deeds to and from Oneil Bergeron. Beside these deeds, and the fact that after the retrocession Dupreville Bergeron took a lease for this 40 and was thereafter ousted by Duson in 1894, no facts are presented out of which the equitable estoppel claimed could spring, and we are clear that no estoppel in pais has resulted.

[6] That as to the particular 40 conveyed by Dupreville Bergeron, the southeast quarter of the southeast quarter, an estoppel by deed has arisen, against all the heirs of Dupreville Bergeron so that the judgment as to that 40 must be reversed, we are equally clear; for, while it is not made to appear whether the retrocession deed from Bergeron to Duson was a deed with covenants of general warranty, so as to estop him from asserting an after-acquired title, he certainly affirmed by that deed that he had no title at the time of the transfer, and that affirmance operated, even though it were a mere

quitclaim deed, as a complete estoppel as to any right, title, or interest which the grantor might have had or claimed at the time of the conveyance, whether that title was complete or partly inchoate. 10 R. C. L. 676; Olmstead v. Tracey, 145 Mich. 299, 108 N. W. 649, 116 Am. St. Rep. 299; 10 R. C. L. 679, § 8, note 1, p. 680.

As to the 40 conveyed to and from Oneil Bergeron, one of the heirs of Dupreville Bergeron, here suing, the ground of estoppel is different; for at the time of the deed Oneil Bergeron had no title whatever, and passed none except such as he got from his grantor, and if an estoppel by deed has arisen against him, it must be because either the deed to or the deed from him operated as an estoppel against him to assert an after-acquired title.

[7, 8] While it is true that an estoppel by deed as to after-acquired title springs wholly out of the doctrine of warranty, we are of the opinion that under the record in this case, nothing to the contrary appearing, the transaction of the warranty deed from Duson to Oneil Bergeron and from Bergeron back to Duson should be construed as a transaction under covenants of warranty, so as to effect an estoppel against Oneil Bergeron from asserting as to said 40 the interest afterwards acquired by him from Dupreville Bergeron, and to vest that interest in appellants.

From these considerations, it results that the judgment of the court below should be reversed as to the southeast quarter of the southeast quarter, and as to the interest of Oneil Bergeron in the northwest quarter of the southeast quarter, and, as modified by this reversal, should be affirmed.